No. 43.—GEORGE W. THOMPSON, plaintiff in error, *vs.* WM. L. HIGH, defendant.

[1.] By the 3d section of the Act of 1847, "to simplify and curtail pleadings at law," a form is provided to recover money on "a note, bill, bond, receipt, *or written promise* of any description:" *Held,* that where an individual affixes his signature on the back of a note, with a design of becoming liable in some mode thereon, either as an original joint promissor, or guarantor, or in any other capacity, that it is a *written promise of some description,* and that consequently the cause of action comes under the Statute.

[2.] If the writ departs from the form prescribed, it is amendable, and may be made to conform to it; everything else necessary to a recovery may be supplied by proof.

Complaint, in Murray Superior Court. Decided by Judge JOHN H. LUMPKIN. April Term, 1853.

This was an action brought in the form prescribed by the "Act to simplify and curtail pleadings," passed in 1847. The declaration began in these words: "The petition of William L. High, indorsee, shows that George W. Thompson, of said County, as indorser of Samuel J. Dwight, is indebted to him in the sum of twenty-two hundred dollars, besides interest, on two sealed promissory notes," &c. Appended to the declaration, were copies of two notes signed and sealed by S. J. Dwight, payable to George W. Thompson, and indorsed in blank without seal, by George W. Thompson, by *his mark,* without attestation.

At the appearance term defendant moved to dismis said action, on the following grounds :

1st. That no such complaint can by law be brought by an indorsee against an indorser, but only by the holder against the maker.

2d. That to maintain such complaint, there must be privity between the plaintiff and defendant, and there is no such privity between an indorsee and indorser, for by the Statute the suit must be brought on the *note.*

3d. Because, if such complaint can be maintained by the indorsee against the indorser, there are no sufficient allegations in this complaint to maintain the same.

4th. Because the instrument sued on is a bond, being under seal, and by the Statute, there must be an assignment of a special breach, and there is none such in plaintiff's writ.

5th. Because said indorsement being in parol, does not convey the legal interest.

All which grounds were overruled by the Court, and the motion refused, and to this decision defendant excepted.

McDonald, for plaintiff in error.

Milner, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] A form is provided by the 3d section of the Act of 1847, "to simplify and curtail pleadings at law," to recover money on a "note, bill, bond, receipt, *or written promise of any description."*

Does the liability of this party fall within any one of the foregoing specifications ? The latter clause of this section is exceedingly broad. By indorsing his name in blank on the back of this note, George W. Thompson undertakes *in writing,* certainly, to be responsible for this paper in some capacity. If he is bound at all, and it is not necessary for this Court to decide that he is, it is by virtue of his *signature,*

Thomson *vs.* High

and if so, it is a *"written promise"* of *some* description. Not as indorser, for the instrument is not negotiable, but either as joint promissor or guarantor. And if so, the cause of action comes under the Statute, and is maintainable.

In some of the Courts it is holden, that whenever the name of an individual is placed on the back of a note at the time of its inscription, he is considered an original promissor. 8 *Pick.* 122; 19. *Ib.* 260; 24 *Ib.* 64. But that where the name is placed on the note afterwards, the party makes himself a guarantor. 4 *Pick.* 385. 7 *Mass.* 233; 11 *Ib.* 436.

I am not prepared to say that it will even become necessary in the progress of this cause for the Circuit Judge to define the nature of the defendant's liability. He must be convinced, and so adjudge, that he is liable in some mode; that done, the requisitions of the law are satisfied. The defendant's name must have been affixed on the back of the note with a design to render him liable, either as guarantor or as an original promissor; and the authorities make but little distinction as to the liability in either of these relations. 11 *New Hamp. Rep.* 385. 17 *Vermont Rep.* 285.

I would merely add, that if the writ departs from the form prescribed by the Act, it is amendable, and should be made to conform to it. Everything else may be supplied by proof.

Judgment affirmed.