CALLAWAY *vs.* HARROLD, JOHNSON & Co.

1. Process directed to the sheriff of Lee county is not authority to the sheriff of Bibb to serve a defendant in Bibb when a second original

is made out for the latter county; the process should be amended, and the defendant be served regularly, the declaration being against all the defendants as residents of Lee, and the defendant so served may take advantage of the defect at the second or trial term, and is entitled to a term to be regularly served. JACKSON, J , *dubitante.*

2. A party who writes his name on the face of a note with the word "indorser" thereafter, is either a joint maker or indorser, and may be sued with the other makers, the note being payable to bearer, the original payee not indorsing it, and the fact that he is described as indorser in the statutory form makes no difference, the note being fully copied and annexed thereto with the signature and the place where put on the note, and the word "indorser" added.

Process. Service. Practice in the Superior Court. Promissory notes. Indorsement. Before Judge CRISP. Lee Superior Court. March Term, 1878.

Reported in the opinion.

D. A. VASON, for plaintiff in error, cited as follows: As to second original, Code, §3341; 35 *Ga.*, 269; 44 *Ib.*, 178; 60 *Ga.*, 454. On the nature of the contract, Story on Prom. Notes, §133, 59, 458, 461; Chitty on Bills, p. 266; 8 John., 29; 2 Hill, 188; 8 Pick., 423; 11 John., 221; 1 Peters, 476; 60 *Ga.*, 454.

W. A. HAWKINS, for defendants.

JACKSON, Justice.

This was an action in the statutory form on a note against several defendants as makers, and Paul and Callaway as indorsers. It appeared from the papers that all the defendants were declared against as residents of the county of Lee, and yet that a second original, with process directed to the sheriff of Lee, and not to the sheriff of Bibb county, had been sent to Bibb and served upon Callaway there, who was a resident of that county. Whereupon a motion was made to dismiss as to Callaway, which the court refused. The plaintiff was then allowed to amend the declaration and the

second original so as to allege that Callaway was a citizen and resident of Bibb, which was allowed. Thereupon Callaway moved that he be served regularly with the amended papers, and insisted upon a term for that purpose, which was denied him. Callaway then insisted that he could not be sued at all in the action with the other defendants, because he was merely a guarantor on the note, and not indorser—the payee not having indorsed it—and again moved to dismiss as to him, which was again denied him; and error is assigned upon all these rulings.

1. The court did not err in refusing to dismiss the action on account of defective service upon Callaway, or his residence in Bibb not being set out in the declaration, nor in the amendment allowed; but this court is of the opinion that the superior court did err in not having the process directed to the sheriff of Bibb in the second original, and granting a term that Callaway might be regularly served. The idea of this court is that the service by the sheriff of Bibb without process directed to him is no service, and that after the papers had been amended and the process, too, in the second original, which seems not to have been amended at all, Callaway should be served again. And this seems to have been the course pursued in 18 *Georgia*, 496.

My own opinion is, that as Callaway did not come in to make his objections until the trial term, and then came in under this service, defective and irregular as it was, the papers, process and all, might have been amended *instanter*, and the case proceed at once. The act of 1818, Cobb, 488, is very broad, broader than where codified in our Code, section 3345, and its object seems to me to have been to dispense with delays on account of these technical exceptions where the party had substantial notice. But as a different course was pursued in the case cited, I yield to my brethren and do not dissent, though Judge Lumpkin's reasoning in 18 *Ga.* would seem to accord with the view I express.

2. The other objection that Callaway is not an indorser but a mere guarantor, and cannot be sued with these co-de-

fendants, we all think unsound, because though his name be on the face of the paper with "indorser" annexed to it, the law makes him a joint maker with the others, or an indorser, immaterial which, the note having been made payable to bearer. See 13 *Ga.*, 311; 26 *Ga.*, 223. He is liable any way in this action.

The judgment is reversed solely because of the want of process directed to the sheriff of Bibb, and the defendant Callaway must be served over again when the process is amended.

The description as indorser in the note is surplusage, or may be amended if necessary, the form of action being the statutory form, and the note and signature being fully copied and annexed.

Judgment reversed.