IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

### SEPTEMBER TERM, 1881.

PRESENT—JAMES JACKSON, . . . . . CHIEF JUSTICE.
      MARTIN J. CRAWFORD, . . ASSOCIATE "
      ALEXANDER M. SPEER, . .     "      "

---

GERMAN-AMERICAN INSURANCE COMPANY *vs.* DAVIDSON.

1. Though a suit be brought in the short form of pleading upon an insurance policy, under section 3392 of the Code, the better practice is to allege a loss by fire and a compliance with the conditions precedent to a recovery, or a waiver by the insured thereof.

(*a.*) A failure to so allege is curable by amendment, and is to be reached by special demurrer, not by general motion to dismiss because no cause of action is set out.

2. The verdict is supported by the evidence, and is not contrary to law.

3. The head of a family, out of whose property a homestead has been set apart, has an insurable interest therein.

4. The application for homestead in this case was made prior to the adjudication in bankruptcy, and was pending at the time thereof, and the homestead was set apart before the deed of assignment was made. Therefore it would seem that it never passed to the assignee at all. But the full proceedings before the bankrupt court not being in the record, this point is not ruled.

5. A ground of error abandoned in this court will not be considered.

6. A demand for payment of an insurance policy and an absolute refusal thereof, waives proofs of loss.

Insurance. Pleadings. Waiver. Verdict. Homestead Bankruptcy. Before Judge SIMMONS. Glynn Superior Court. November Term, 1880.

Reported in the decision.

GOODYEAR, HARRIS & KAY, for plaintiff in error.

JAMES U. VINCENT; IRA E. SMITH, for defendant.

CRAWFORD, Justice.

David Davidson brought suit against the German-American Insurance Company, of New York, to recover the amount of his insurance upon a certain house, upon which he had a policy, and which house had been destroyed by fire.

The suit was brought in the statutory form, alleging that the said company was indebted to him in the sum of $900.00 as his principal debt, with interest from July 21st, 1878, the said indebtedness arising from and being based on a policy of insurance issued to him on the 19th of August, 1878, the face and body of the said policy being as follows, to-wit: (Then adding to the foregoing allegations a copy of what appears on the face and in the body of the policy), concluding with an allegation that the said company refused to pay the aforesaid sum of money.

Upon the trial the jury found a verdict for the amount of the policy, with interest thereon from August 21st, 1879.

The Insurance Company moved for a new trial, which being refused, it filed its exceptions.

1. The first ground of the motion for a new trial was based upon the refusal of the judge to dismiss the case because there was no cause of action set out, in that there was no allegation of loss, or of compliance with the conditions precedent in said policy, or of a waiver thereof.

Under §3391 of the Code it is provided that a petition showing that the defendant is indebted so much on a note, bill, bond, receipt, or written promise of any description, by adding a copy thereof, with the indorsers' names, if any, and the credits thereon, shall be sufficient.

In §3392 it is provided that the form of action to recover money on an insurance policy may be the same as is prescribed in section 3391, and that no allegations of conditions need be set forth in the body of the declaration, other than may be embraced in the form prescribed in said section; nor shall it be necessary to attach a copy of what may be written or printed upon the policy, except what appears upon the face and in the body of the policy.

If the cause of action comes under the short forms act, it is sufficient to set it out in the language of the statute, and all things else necessary to a recovery may be supplied by proof. 13 *Ga.*, 311; 322 *Id.*, 586.

We think that it would have made this declaration more complete, and the better practice would be, to have alleged the loss of the property by fire, although it does follow the statutory form laid down by the Code. But the motion was made to dismiss, because there was no cause of action set out, instead of a special demurrer for want of an additional allegation. Had this been done, the court might, and no doubt would, have sustained the demurrer and required the plaintiff to amend. This, however, not having been done; and the defect being amendable, it is of no value on the motion for a new trial.

2. This ground is that the verdict was against the evidence and contrary to law, but in our opinion it is not well taken.

3, 4. These grounds may be considered together, as they refer to the same subject matter.

The judge charged the jury substantially that although the property had been set apart as a homestead, still the plaintiff had an insurable interest in it; and that although he may have gone into bankruptcy, the title, unless he had an exemption therein larger than was allowed by the laws of the state, did not vest in the assignee.

It appears from the evidence that the homestead was set apart by the ordinary before the policy of insurance was taken out, and that the agent of the defendant had

knowledge of that fact. The plaintiff, then, as the head of a family, undoubtedly had an insurable interest in the property, and the judge committed no error in so charging the jury.

The record shows that the application was made for a homestead in the state court, and that the same was pending at the time of the plaintiff's adjudication as a bankrupt, and that it was set apart before the deed of assignment was made, so that it would seem that it never passed to the assignee at all. But we are unable to rule the law on this ground for the want of the full proceedings in this matter before the bankrupt court, it not appearing whether this property was carried into the court as a part of the bankrupt's estate or not.

5, 6. The fifth ground of the motion not having been insisted upon, we proceed to the consideration of the sixth, which is that the judge erred in charging the jury, that if they believed from the evidence that during the negotiations about the proof of loss the defendant absolutely refused to pay, then that was a waiver of such proof. A demand for payment, and an absolute refusal to pay, is a waiver of the requirements in relation to the proof of loss, if they should find such requirements set forth in the policy.

This point was ruled in the case of the *Merchants and Mechanics Insurance Company vs. Vining & Bro.*, at the present term, and not yet reported. The charge of the judge on this point was in conformity to that ruling and §2813 of the Code.

The seventh ground is but a repetition of the first, and is disposed of by that ruling.

Judgment affirmed.