## HUNTINGTON *vs.* BONDS.

1. The verdict is supported by the evidence.

(*a.*) Trover being brought for a half interest in four several bales of cotton, described separately and their weights given, proof of proper sale and disposition of proceeds as to a part would not prevent a verdict for the balance.

2. Newly discovered evidence tending to show a fact which, if true, must have been known to the defendant before the trial, and which was not only not used as a ground of defence, but was directly in conflict with that actually set up, is no ground for a new trial on behalf of the defendant.

New Trial. Trover. Newly Discovered Evidence. Before Judge UNDERWOOD. Polk Superior Court. February Term, 1881.

To the report contained in the decision, it is only necessary to add that the newly discovered testimony was to the effect that Bonds had stated that he had nothing to do with the cotton, that he was farming on shares with one hand (whose administrator was a co-defendant in the trover suit with Huntington), and that the latter was to dispose of the cotton, pay debts, and pay him one-half of the proceeds.

J. A. BLANCE, by E. N. BROYLES, for plaintiff in error.

IVY F. THOMPSON, for defendant

CRAWFORD, Justice.

1. Milburn Bonds sued A. Huntington and J. W. T. Hand in an action of trover to recover the one-half interest in four bales of cotton which he alleged had been wrongfully converted to their use. Upon the trial, the jury returned a verdict for Bonds for $37.50, whereupon the defendants below moved for a new trial because the verdict was contrary to law—contrary to evidence, with-

out evidence to support it, and because of newly discovered evidence. The motion was overruled and the defendants excepted.

The testimony of Huntington was that he sold the four bales of cotton, and appropriated the proceeds by the direction of Bonds. This is flatly denied by Bonds in his testimony, who swears that he never authorized the sale of the cotton nor any disposition of the proceeds. Huntington also testifies that after he had sold the cotton, he paid by the order of Bonds an account of his due to Ford & Glenn for $48.94, and retained on an account due to himself $13.80, all of which was approved by Bonds.

The jury found that so much of this cotton as was thus sold was sold by authority, and therefore that the plaintiff, Bonds, could not claim a wrongful conversion thereof; but as to the balance, they found that he had wrongfully converted it, and gave him a verdict for the said amount of $37.50. This suit being for one-half of four bales of cotton which are separate and distinct pieces of property, and designated by their different weights and numbers, differs in that respect from the case of *Campbell vs. Trunnell*, decided at this term, not yet reported, and is therefore not in conflict with it, although that case sounded also in trover.

2. Upon the newly discovered evidence, it sets up as a ground of defence a fact which, if true, must have been known to the defendant, Hand, but which was not made by him in his life-time, nor by his administrator after his death, and which is wholly inconsistent with the defence, actually made on the trial. There is testimony enough to sustain the verdict, and the newly discovered evidence is in conflict with that of the defence in legal effect, and not sufficient to authorize a new trial.

Judgment affirmed.