15474. LONG CIGAR AND GROCERY COMPANY *v.* HARVEY.

1. The "bulk-sales" statute was inapplicable in this case, the transaction in question not being a sale or transfer of the merchant's "stock of goods" out of the ordinary course of trade, or a sale or conveyance of "substantially the entire business" of the vendor.

2. The claimant's own testimony being the only evidence offered in support of her claim, and being, as to a part of the goods in question, self-contradictory upon the vital issue of ownership, the verdict in her behalf was in part contrary to law, as being without evidence to support it; and for this reason a new trial must be granted.

DECIDED DECEMBER 15, 1924.

Levy and claim; from city court of Oglethorpe—Judge Greer. February 9, 1924.

*Jule W. Felton,* for plaintiff.

*J. J. Bull & Son,* contra.

JENKINS, P. J. 1. The provisions of sections 3226 to 3229 inclusive of the Civil Code (1910), known as the "bulk-sales act," being in derogation of the common law and of the right to alienate property without restriction, must be strictly construed. *Yancey* v. *Lamar-Rankin Drug Co.,* 140 *Ga.* 359 (2) (78 S. E. 1078); *Cooney* v. *Sweat,* 133 *Ga.* 511, 512 (1) (66 S. E. 257); *Bank of LaGrange* v. *Rutland,* 27 *Ga. App.* 442 (2). In some jurisdictions, by the terms of the bulk-sales statute, a sale of "any portion" of a stock of merchandise otherwise than in the ordinary course of trade is covered by the provisions of the act (27 C. J. 880, § 889); in other jurisdictions the statute deals with such a sale of a "material portion;" in others a "major part" (27 C. J. 882, § 890); but " 'bulk-sales acts' is a generic term descriptive of a class of statutes designed to prevent the defrauding of creditors by the secret sale in bulk of substantially all of a merchant's stock of goods. The general scheme of these statutes is to declare such bulk sales fraudulent and void as to creditors of the vendor, or presumptively so, unless specified formalities are observed." 27 C. J. 873, § 881. In Georgia the act provides that "any sale or transfer of a stock of goods, wares, or merchandise out of the usual or ordinary course of the business or trade of the vendor, or whenever thereby substantially the entire business or trade theretofore conducted by the vendor shall be sold or conveyed, or attempted to be sold or conveyed, to one or more persons, shall be deemed a

fraudulent transaction or transfer in bulk in contemplation of this and the three preceding sections." Civil Code (1910), § 3229. In the instant case, the goods claimed by the defendant in error not constituting the merchant's "stock of goods," sold out of the ordinary course of trade, and there not being a conveyance of "substantially the entire business," the "bulk-sales" statute is by its terms inapplicable thereto.

2. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal. And unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him." Steele v. Central of Ga. Ry. Co., 123 Ga. 237 (1) (51 S. E. 438) ; Western & Atlantic R. Co. v. Evans, 96 Ga. 481 (23 S. E. 494) ; Sheppard v. Chappell, 29 Ga. App. 6 (2) (113 S. E. 23). "Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of witnesses. Rome R. Co. v. Barnett, 94 Ga. 446 (20 S. E. 355). Therefore this court will not reverse a judgment overruling a motion for new trial, on the ground that the verdict was contrary to evidence, when the presiding judge in the exercise of his discretion has allowed the verdict to stand, and the same is supported by the evidence of any of the witnesses sworn on the trial, notwithstanding much of the evidence tended to impeach the credibility of such witnesses," and "this rule is not inapplicable because the verdict complained of was rendered on the evidence of witnesses who were parties to the case." But, since "a person testifying in his own behalf is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him," he is not entitled to prevail, even under the power of the jury to accept his testimony, unless "by his evidence he establishes a cause of action, or a defense, as the case may be, and from no view of his testimony would a finding against him be warranted." Southern Bank v. Goette, 108 Ga. 796 (1, 2) (33 S. E. 974). In the instant case the property claimed included, in addition to "groceries" and items which in the common practice of the grocery trade might be included within the meaning of that term, numerous items which could not be so designated. There

was no evidence tending to establish the claim except that of the claimant, who in one portion of her evidence testified that she bought all of the property claimed, but in another portion testified, "I just bought the groceries." Thus, under the general grounds of the motion for new trial, since the claimant's testimony upon the vital issue as to her ownership was self-contradictory, under the above rule the verdict in her behalf as rendered was in part con·trary to law as being without evidence to support it; and for this reason only a new trial must be granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*