When the copy of the process served upon the defendant is made returnable to the wrong court, the same is not void, but merely defective and amendable. See W. T. Rawleigh Co. v. Watts, 68 Ga. App. 786 (24 S.E.2d 213). However, upon the hearing of a demurrer to a plea raising this question, where there is no offer to amend, it is error to sustain the demurrer. Accordingly in the instant case the trial court erred in sustaining the demurrer to the plea.
Judgment reversed. MacIntyre, P. J., and Gardner,J., concur.
 DECIDED MAY 20, 1948.
One of the defendants in error, E. P. Grant, hereinafter referred to as the plaintiff, brought a tort action in the City Court of Floyd County against the plaintiff in error, Lindsey Stansell, hereinafter referred to as the defendant.
Before pleading to the merits the defendant filed a sworn plea by which he made a special appearance only for the purposes stated in the plea, contending that the sheriff failed to make any entry upon the copy of said process served upon him as to the date of serving of the petition and process, and that the copy of process served upon him is returnable to the Superior Court of Floyd County, where as the petition is addressed to the City Court of said county.
The plaintiff demurred generally to this plea. No offer was made to amend the copy of process. The trial judge sustained the demurrer and this judgment is assigned as error.
It was also contended in said plea of the defendant that the service was void for the reason that the copy left at his residence did not show the date of service signed by the officer making the same as required by the New Practice Act, (Ga. L. 1946, p. 769, § 81-202, Supplement to Code, 1947, Cumulative Pocket Part).
A determination of this point would require a decision upon the question of whether or not the New Practice Act as relating to process (Ga. L. 1946, pp. 768, 769, §§ 81-201, 81-202, Code Supp. 1947, Cumulative Pocket Part) applies in the City Court of Floyd County. In the trial court the case was treated as one wherein provisions of the New Practice Act relating to process applied in that court. No question to the contrary was made there and the trial court had no opportunity to pass upon the same. It is *Page 127 
therefore not proper for this court to determine that question on this appeal. However, attention is invited to Maxwell v.Arnold, 76 Ga. App. 576 (46 S.E.2d 623), and section VIII of the act creating the City Court of Floyd County (Acts 1882-1883, p. 538), as a future guide for the form and service of process in that court.