## 32917. MALCOM *v.* KNOX.

GARDNER, J. 1. Robert E. Knox, doing business under the firm name of Watson and Knox, whom we shall call the plaintiff, entered suit against George H. Malcom, doing business under the firm name of Malcom Concrete Works, whom we shall call the defendant. The petition alleged that the defendant was indebted to the plaintiff on an open account in a certain amount, besides accumulated interest. Demand for payment was alleged and a refusal to pay on the part of the defendant. The petition prayed as follows: "That process may issue requiring the said defendant to be and appear at the next term of this honorable court to answer your petitioner's complaint." The account was itemized and sworn to. The petition was filed on March 15, 1949. Process issued on the 16th day of March, 1949, as follows:

"State of Georgia—McDuffie County

"To The Sheriff of McDuffie County, Greeting:

"Watson & Knox

vs

"Malcom Concrete Works

"The defendant Malcom Concrete Works is hereby required personally or by attorney to be and appear at the superior court to be held in and for said county within 30 days from the date of service of the within petition upon each defendant as shown by entry of the serving officer set forth below, then and there to answer in writing the plaintiff's complaint, as in default thereof said court will proceed, as to justice shall appertain.

"Witness the Honorable C. J. Perryman, Judge of said Court. This the 16th day of March, 1949.

Allen Pannell

Clerk Superior Court"

The petition was served on the defendant on the 17th day of March, 1949. The court entered the following judgment:

"Watson and Knox        In the Superior Court of

v.        McDuffie County, Georgia.

"Malcom Concrete Works        June Term, 1949

"The above stated case coming on regularly to be heard at this the June term of said court, before the judge thereof, without the intervention of a jury, and no defense having been interposed, and it appearing that the plaintiff is entitled to recover of the defendant the principal sum of four hundred ninety-two and 02/100 ($492.02) dollars, together with the sum of twenty and 79/100 ($20.79) dollars interest, judgment is hereby rendered accordingly in favor of the plaintiff against the defendant. This the 6th day of June, 1949. C. J. Perryman".

Execution duly issued on the above judgment on the 7th day of June, 1949, and was levied on one Dodge automobile truck. The defendant duly filed his affidavit of illegality in which he contended that the execution issued illegally and was proceeding illegally for the reasons (1) that in contemplation of law there was never any suit pending in the case upon which to predicate a judgment and execution for that, (a) the prayer for process as above set forth was set out verbatim; (b) the process which issued as above set forth was set out verbatim; (c) that the defendant made no appearance after the service upon the suit upon him and before the judgment was rendered, because there was no legal process requiring him to appear and plead even though he had a valid defense to such claim and demand as the plaintiff sued upon; and defendant had never had his day in court.

The plaintiff filed defensive pleadings to the affidavit of illegality denying the sufficiency as a matter of law of the defendant's contentions in his affidavit of illegality. Counsel for both parties entered into stipulations agreeing to the truth of the allegations in the affidavit of illegality regarding the prayer for process and the process which issued thereon, and agreeing to submit the same to the court, to pass upon the law and facts without the intervention of a jury. The court, after consideration, dismissed the affidavit of illegality and ordered the levy to proceed. On this judgment error is assigned here.

2. The sole question to be determined here is whether the prayer for process is sufficient as a matter of law to authorize the clerk to issue the process which he did issue, it being the contentions of the plaintiff that the prayer for process was as a matter of law sufficient, and the contentions of the defendant being that it was not.

The defendant calls our attention first to the case of *Crown Laundry* v. *Burch,* 205 *Ga.* 211 (53 S. E. 2d, 116), as authority for his contentions in the instant case. In that case, there was no prayer for process. Not so, here. At most, the prayer for process in the instant case was defective only. It is clearly inferable from the record that the defendant had actual knowledge that the suit was pending against him. The prayer for process here required the defendant to be and appear at the next term of court to answer the petitioner's complaint. The prayer for process says: "Wherefore your petitioner respectfully prays that process may issue." We think the prayer could well have stopped there, and that which was made thereafter was mere surplusage and that at most only a defect in the prayer for process. We think too that "next term" may be well construed to mean the next legal term. There is no contention made that the process which the clerk issued is not a proper one.

This court in *Gay* v. *Sylvania Central Railway Co.,* 79 *Ga. App.* 362, 366 (53 S. E. 2d, 713), held: "If, by virtue of a process, although defective, a defendant has been properly served by one lawfully authorized to effect the service, as was done in this case, although the process was not so directed to the officer, and if that process has properly put the defendant on notice of the proceeding, and when his appearance will be required, such process has properly served its purpose." In this connection, see Code, § 81-114, as follows: "No technical or formal objections shall invalidate any petition; but if the same shall substantially conform to the requirements of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded, provided a legal cause of action as required by this Code is set forth." See also *Baker* v. *Thompson,* 75 *Ga.* 164, 166. In this connection, we might call attention also to the principle of law as set forth in *Ware* v. *Lamar,* 16 *Ga. App.* 560 (1) (85 S. E. 824). When the defendant was served with the suit in the instant case, with the prayer for process as stated and the process which was issued, and elected to ignore the same, he will not be heard to contend as he does here.

The court did not err in its judgment.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED MAY 12, 1950.

*Stevens & Stevens,* for plaintiff in error.

*Henry G. Neal,* contra.