35311.   RAY *v.* THOMAS McDONALD CORPORATION.

Decided October 22, 1954.

874

*Currie & McGhee,* for plaintiff in error.

*Saul Blau,* contra.

CARLISLE, J. ■ "The broker's commissions are earned, when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code § 4-213. According to the allegations of count 1 of the petition, to which no demurrer was interposed, the defendant owner of the rooming-house business employed the plaintiff to secure a purchaser for such business. During the course of negotiating the sale, over a period of two or three days, the defendant was willing to accept and did accept several sets of terms offered by prospective purchasers secured by the plaintiff. The plaintiff's commission under the agreement with the defendant was to be the difference between the terms acceptable to her and the actual sale price of the business, which, under the allegations of the petition, was in every instance $500, although the terms alleged to be acceptable to and accepted by her varied from time to time during the course of the negotiations. Under such a state of the pleadings, the plaintiff would be entitled to recover its commission upon proof that the defendant, during the agency, accepted any one of the various sets of terms offered by purchasers, secured by the plaintiff, who were ready, able, and willing to purchase. *Southern Express Co.* v. *Pope,* 5 *Ga. App.* 689 (63 S. E. 809) ; *New Zealand Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (116 S. E. 922) ; *Gilmer* v. *Carnes,* 81 *Ga. App.* 555 (59 S. E. 2d 292), and citations.

While the testimony of a party in his own behalf must be construed most strongly against him, if self-contradictory or equivocal, and, without other evidence of right to recover, he is not entitled to a finding if his testimony, so construed, shows that the verdict should be against him (*Long Cigar & Grocery Co.* v. *Harvey,* 33 *Ga. App.* 236 (2), 125 S. E. 870, and citations), and this rule is applicable against a corporate party, upon the testimony of its president, it has never been extended beyond the president to other officers. *Nalley Land &c. Co.* v. *Merchants &c. Bank,* 187 *Ga.* 142, 146 (5) (199 S. E. 815), and citations. While the testimony of the broker's sales agent was contradictory and equivocal, and in conflict with that of the president of the corporate broker and in conflict with that of another officer of the corporation, the trial judge was authorized to find that the plaintiff had secured a purchaser, upon terms stipulated by the defendant and ready, able, and willing to purchase, but that, after having accepted the purchaser on her own stipulated terms, the defendant sold the business to a third person. The trial judge, sitting without a jury, was the arbiter of the credibility of the witnesses, and he was entitled to believe that phase of the sales agent's testimony which sustained the plaintiff corporation's cause of action as laid in the petition. *Goldsmith* v. *State,* 54 *Ga. App.* 268 (187 S. E. 694). The trial court's finding of and judgment for the plaintiff in the sum of $500 was authorized by the evidence.

The objection urged by counsel for the defendant that the trial court's finding should have stated upon which of the two counts of the petition it was made is without merit. No evidence was introduced in support of count 2, which was based on the reasonable value of the services rendered by the plaintiff to the defendant, and we must assume that the trial court, being presumed to know the law, excluded that count of the petition from its consideration entirely.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*