36645. SEABOARD AIR LINE RAILROAD COMPANY *v.*
HOLLOMON.

DECIDED APRIL 23, 1957.

*Dykes, Dykes & Marshall, Thomas A. Clark,* for plaintiff in
error.

*Hollis Fort, Jr., W. W. McKinnon,* contra.

NICHOLS, J. The defendant's motion to quash the process and
dismiss the petition was predicated upon the fact that the prayer
for process was as follows: "That process do issue directed to
the said defendant, requiring them to be and appear at the next
term of this court, then and there to answer this your petitioner's
complaint." And that the process annexed to such petition by

the clerk of the superior court read in part as follows: "The defendant Seaboard Air Line Railroad Company is hereby required personally or by attorney to be and appear at the superior court to be held in and for said county within 30 days from the date of service of the within petition upon each defendant as shown by entry of the serving officer set forth below, then and there to answer the plaintiff's complaint, as in default thereof said court will proceed as to justice shall appertain."

In *Malcom v. Knox,* 81 *Ga. App.* 579 (59 S. E. 2d 542), this court held that such a defect in the plaintiff's prayer for process was at most an amendable defect, and that a verdict cured the defect where no objection was made before verdict. In the present case the defendant did not permit the case to proceed to verdict and judgment against it on the merits so as to cure the alleged defect, nor did it waive this alleged defect by appearing to defend the action against it without raising this question. On the contrary, the defendant filed a motion to quash this alleged defective process, after which the plaintiff made no effort to amend his prayer for process so as to have it comply with the requirements of the Code. In *Stansell v. Grant,* 77 *Ga. App.* 126 (48 S. E. 2d 386), this court held that it was reversible error to sustain a demurrer to a plea which complained of defective process. In that case the writ was made returnable to the wrong court and there was no offer to amend. In *Seisel & Co. v. Wells,* 99 *Ga.* 159 (1) (25 S. E. 266), it was said: "Persons against whom there is no prayer for process are not parties defendant to an action, and the clerk has no authority to annex to a petition a process requiring their appearance." See also *Crown Laundry v. Burch,* 205 *Ga.* 211 (53 S. E. 2d 116), which was carried to the Supreme Court by certiorari to this court and affirmed. Inasmuch as the clerk has no authority to annex to a petition process requiring a person against whom process was not prayed to appear it necessarily follows that the clerk has no authority to require a person to appear at a time other than that at which the prayer for process prays for his appearance. The prayer for process in the present case did not ask that process issue requiring the defendant to appear within 30 days in accordance with the Act of 1946 (Ga. L. 1946, pp. 761, 768; Code, Ann., § 81-201),

nor did it merely pray that process issue requiring the defendant to appear as required by law. The defect in the prayer for process was an amendable defect, *Malcom* v. *Knox*, 81 *Ga. App.* 579, supra, but since the prayer was not amended, nor does it appear that there was any offer to amend, the trial court erred in denying the motion to quash the process interposed by the defendant, and all further proceedings were nugatory. Should the plaintiff amend its prayer for process before the judgment of this court is made the judgment of the trial court the clerk would be authorized to issue valid process as of the time of the amendment. See *Burch* v. *Crown Laundry*, 78 *Ga. App.* 421, 425 (50 S. E. 2d 768).

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*