36752. HOME INSURANCE COMPANY of NEW YORK
v. COOK et al.

CARLISLE, J. 1. By the terms of Code § 6-1608, "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."

2. "The agreed price of property as stated in a contract of sale is not evidence of the value of the property in a trover suit against one who was not a party to the contract of sale." Downs v. Berryman, 24 Ga. App. 170 (2) (100 S. E. 226).

3. While there were certain stipulations entered into between the parties, there was no stipulation as to the value of the automobile for which suit was brought. The question of its value was, consequently, one for the jury and the trial court erred in directing the verdict. *Carithers* v. *Maddox*, 80 *Ga. App.* 230 (55 S. E. 2d 775), and citations. The trial court, consequently, did not abuse its discretion in granting the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 17, 1957—REHEARING DENIED JUNE 26, 1957.

*Clinton J. Morgan, Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*Parker, Clary, Kent & Grubbs,* contra.

On September 2, 1955, the Home Insurance Company of New York brought a joint bail-trover action against W. H. Cook and Coffey-Weathers Motors, Inc. The material allegations of the petition are substantially these: On September 6th and 7th, Kathryn Whiting, of St. Louis, Missouri, was the owner of a 1954 Plymouth automobile, serial No. 20727367, motor No. P 25-380921. On September 6th or 7th, 1954, the automobile was stolen by persons unknown. On October 7, 1954, Kathryn Whiting transferred legal title to the automobile to the plaintiff. Subsequently to October 7, 1954, the exact date being unknown to the plaintiff but well known to the defendants, Coffey-Weathers Motors, Inc., sold the automobile to Cook and represented to him that title to the vehicle was in the corporate defendant, which representation was false. The plaintiff has demanded possession of the automobile from Cook, but the defendant refuses to deliver possession to the plaintiff. The plaintiff sues for the value of the automobile, together with the yearly value of the vehicle in the amount of $500 per year from the date of the sale by the corporate defendant.

The defendants denied every material allegation of the petition save that the plaintiff had demanded possession, and the corporate defendant replevied the automobile.

By stipulation counsel for the parties agreed to the following facts: "1. On the 8th day of October, 1954, Coffey-Weathers

Motors, Inc., sold to W. H. Cook a 1954 Plymouth automobile. 2. The sales price was $1,975. 3. The motor number appearing on the block of said automobile at the time of said sale was P-25-380612. 4. The serial number of said automobile at the time of the sale was 20727367. Missouri Certificate of Title No. 5782788 may be offered in evidence without any authenticity by any official of the State of Missouri. It is agreed, however, that no objections other than formalities relating to authentication are waived. This 22nd day of March, 1956."

On the trial, Kathryn Whiting's interrogatory was introduced in evidence in which she stated that she had purchased a 1954 Plymouth, Belvedere Sport coupe, motor No. P-25-380921, serial No. 20727367, on June 17, 1954, in Maplewood, Missouri, and that the automobile had been stolen from her.

Fred P. Knight testified that he was superintendent of the loss and claim department of the Home Insurance Company of New York which had paid Kathryn Whiting $2,275 on October 8, 1954, in settlement of her claim for the loss of the automobile, and that Miss Whiting had given the insurance company a bill of sale for the automobile; and that the insurance company still has title to the automobile.

Melbourne T. Shipley, supervisor of the statistical department of the Chrysler Corporation, testified that the automobile for which suit had been brought was the automobile which it had shipped to Maplewood, Missouri. J. T. McKibben, Jr., special agent for the National Automobile Theft Bureau, testified that the motor number on the automobile had been altered. W. H. Cook, one of the defendants, testified on cross-examination that he had purchased the automobile for $2,250 and swapped in a 1953 Henry J. on the automobile. Edward Lee Huff, Jr., sales manager of the Arthur Cole Ford Company, testified that if the car was in good condition it would be of a reasonable value of $1,975.

The defendants introduced no evidence.

On motion of counsel for the plaintiff, the trial court directed a verdict for the plaintiff for $1,995.

The defendants filed a joint motion for new trial based on the usual general grounds and two special grounds to the effect

that the evidence did not demand a verdict for the plaintiff, and that there were issues of fact for determination by the jury. The trial court upon consideration of the motion for new trial granted it.