36805. RESERVE INSURANCE COMPANY *v.* FOSTER *et al.*

DECIDED SEPTEMBER 12, 1957.

*E. B. Judge,* for plaintiff in error.

*Frank A. Bowers,* contra.

QUILLIAN, J. ■ The defendant made an oral motion to dismiss the petition on two grounds. The first ground was based on the contention that the plaintiff failed to allege the amount of damages to his automobile. The petition alleged the actual cash value of the automobile immediately before and after the collision and these were the only allegations necessary to show the amount of damages to the automobile.

The second ground of the motion stated that the plaintiff did not allege that the automobile was a total loss as a result of the collision. It was not necessary that the plaintiff allege that the automobile was a total loss in order for the petition to set forth a cause of action under the provisions of the policy.

The defendant based his oral motion to dismiss solely on the

grounds discussed above, and this court, which sits for the purpose of reviewing rulings of the trial courts, will not pass on additional grounds that are stated in the defendant's brief, but which were not contained in his original motion. *Haynes* v. *Thrift Credit Union*, 192 *Ga.* 229 (2) (14 S. E. 2d 871); *Blount* v. *Metropolitan Life Ins. Co.*, 190 *Ga.* 301, 304 (4) (9 S. E. 2d 65). The oral motion to dismiss the petition was without merit and the trial judge did not err in denying it.

■ In *Guarantee Trust Life Ins. Co.* v. *Hill*, 90 *Ga. App.* 287 (3) (82 S. E. 2d 885) it is held: "An exception to the refusal of the trial court to award a nonsuit will not be considered where the case resulted in a verdict for the plaintiff, and a motion for new trial was denied on the ground that the verdict was contrary to the evidence and without evidence to support it." Under authority of the above quoted case the defendant's exception to the denial of the motion for a nonsuit will not be considered.

■ The evidence disclosed a contract of insurance between the parties which provided that the defendant was to pay the plaintiff's loss to the automobile in question caused by a collision with another object, minus $50 which was subtracted under what is known as a deductible clause; the collision took place within the time the automobile was insured; the defendant was notified on the same date the collision occurred and the defendant admitted liability in its answer and the only element of proof then necessary to the plaintiff's right of recovery under the provisions of the policy was the amount of damage done the automobile. The plaintiff testified that the value of the automobile immediately before the collision was approximately $1,000 and immediately after the collision the value of the automobile was between $150 and $175.

While it is true that the plaintiff proved the collision took place on a different date from that alleged in the petition, the introduction of the evidence as to the different date, without objection, had the effect of amending the petition as to the date the collision occurred. *Savannah, Florida & Western Ry.* v. *Barber*, 71 *Ga.* 644 (2a); *Napier* v. *Strong*, 19 *Ga. App.* 401, 406 (91 S. E. 579); *Franklin Savings & Loan Co.* v. *Branan*, 54 *Ga. App.* 363 (188 S. E. 67).

The evidence was sufficient to support the verdict and the general grounds are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*