37434. SHERMAN *v.* FLOYD *et al.*

FELTON, Chief Judge. 1. The motion to dismiss the writ of error on the grounds that the judgment excepted to will not support a bill of exceptions as required by Code (Ann.) § 6-701 is without merit and is denied. *Watson* v. *Kvaternik,* 33 *Ga. App.* 415 (1) (126 S. E. 552).

2. The only process that a clerk is authorized to issue and annex to a petition is one calling upon "the defendant or defendants to answer the petition within thirty days after the service of the petition and process." Code (Ann.) § 81-201. A prayer which reads "that process issue requiring the said defendant to be and appear in this court to answer this complaint" of necessity and by implication prays that the process issue according to law as set out in Code (Ann.) § 81-201, and, where in response to such prayer process is issued requiring the defendant to answer the petition within thirty days of service of the petition and process, there is no variance between the process and the prayer therefor. In *Seaboard Air Line R. Co.* v. *Hollomon,* 95 *Ga. App.* 602 (98 S. E. 2d 177), the prayer was, "That process do issue directed to the said defendant, requiring them to be and appear *at the next term of this court,* then and there to answer this your petitioner's complaint." (Emphasis supplied.) This prayer, unlike the one in the instant case, was restrictive and qualified (and actually called upon the clerk to issue a process which he was not authorized by law to issue) and the court held that "the clerk has no authority to require a person to appear at a time other than that at which the prayer for process prays for his appearance." The court did not err in sustaining the demurrer to the motion to quash which in effect denied that motion.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED NOVEMBER 18, 1958.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for plaintiff in error.

*Maddox & Maddox, James Maddox,* contra.