37567.   McCOY *et al. v.* ROMY HAMMES
CORPORATION, *et al.*
37568.   DOUGLAS MOTORS SALES, INC., *et al. v.* ROMY
HAMMES CORPORATION.

DECIDED APRIL 8, 1959—REHEARING DENIED MAY 11, 1959.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for plaintiffs in error (case No. 37567).

*Robert L. Scoggin, James Maddox,* for plaintiffs in error (case No. 37568).

*Covington, Kilpatrick & Storey,* contra.

NICHOLS, Judge. ■ The plaintiff's petition contained the following prayer for process and service: "Wherefore, petitioner prays that process issue and that defendants be required to answer at next term of this court, and that petitioner have judgment with costs." The original process attached to the petition by the clerk of the superior court, in accordance with the act of 1946 (Ga. L. 1946, pp. 761, 768; Code, Ann., § 81-201), required the defendants to answer within 30 days. All the defendants filed motions to quash such process which were sustained by the trial court who thereafter ordered that process issue in accordance with the prayer requiring: "The defendants are hereby required personally, or by attorney, to be and appear at the

next term of superior court to be held in and for said county on the first Monday in May next, then and there to answer the plaintiff's petition, as in default thereof said court will proceed as to justice shall appertain." Thereafter all the defendants were again served, and the defendants McCoy and Peoples Automobile Loan & Finance Corp. again filed a motion to quash the process upon the ground, among others, that such process did not follow the law.

While no assignment of error is based on the judgment of the trial court sustaining the motions to quash the first process, such judgment was in accord with the ruling of this court in the case of *Seaboard Air Line R. Co.* v. *Hollomon*, 95 *Ga. App.* 602 (98 S. E. 2d 177), and the cases there cited.

The question now presented is whether process may issue upon a prayer for process which prays for process to issue requiring the defendant to appear at the next term of court when under the Act of 1946, supra, a defendant is required to be served with process requiring him to answer the petition within 30 days.

In 1847 the General Assembly adopted the "Jack Jones Forms" for certain actions, one of which was for the recovery of personal property (such forms are now set forth in Vol. 23 of the Code of Ga. Ann. at pages 2, 3 and 4), and the purpose of providing such pleadings was to "simplify and curtail pleadings at law." It has been held: "If the cause of action comes under the short forms act, it is sufficient to set it out in the language of the statute, and all things else necessary to a recovery may be supplied by proof." *German-American Ins. Co.* v. *Davidson*, 67 *Ga.* 11, 13. The language referred to is of course the allegations of fact contained in such petition. In the case sub judice the allegations of fact are completely in accord with the "Short Forms Act," supra, so that we are only concerned with the prayer for process. The prayer for process followed the language set forth in the Act of 1847, supra, which is in conflict with the Act of 1946, supra, and the process attached by direction of the trial court followed the prayer in the petition.

In *Banister* v. *Hubbard*, 82 *Ga. App.* 813 (62 S. E. 2d 761), it was held that the trial court did not err in ordering, on its

own motion, the issuance of a process requiring the defendant to answer within 30 days as provided by the Act of 1946, supra. In that case the clerk had originally attached process following the law as it appeared prior to the enactment of the 1946 act, supra, although the petition had prayed for process in accordance with such act. Such is not the case here.

The act of 1946, supra (Code, Ann., § 81-201), provides that all process shall require the defendant to answer the plaintiff's demands within 30 days, and the same act, elsewhere (Code, Ann., § 81-1506), provides that such act is applicable in all cases except special statutory proceedings. In *Sherman* v. *Floyd*, 98 *Ga. App.* 661 (2) (106 S. E. 2d 330), it was said: "The only process that a clerk is authorized to issue and annex to a petition is one calling upon 'the defendant or defendants to answer the petition within thirty days after the service of the petition and process.' Code (Ann.) § 81-201." The only exceptions to such procedure are the proceedings referred to in Code (Ann.) § 81-1506, supra. While the "Jack Jones Forms" are statutory in origin, trover is not, and a plaintiff in an action in trover is not required to use the statutory or "Jack Jones Form". It could hardly be contended that if the plaintiff used the "Jack Jones Form" the defendant would be required to answer at the next term and if he did not use the "Jack Jones Form" the defendant would be required to answer within 30 days. Trover is not one of such statutory proceedings, and the process, as contended by the movants, did not follow the law. Accordingly, the trial court erred in overruling the movant's motion to quash the second process. As pointed out in the case of *Seaboard Air-Line R. Co.* v. *Hollomon*, 95 *Ga. App.* 602, supra, the proper procedure would have been for the plaintiff to amend his prayer for process so that legal process could issue. It necessarily follows that the other questions raised by these defendants' writ of error are moot since these defendants are not yet legally in court; however, since a defect in process may be waived (*Malcom* v. *Knox*, 81 *Ga. App.* 579, 581, 59 S. E. 2d 542), and the other defendants did waive such defect by appearing and not objecting, the questions presented in their writ of error are properly before the court for decision.

■ Special ground 1 of the amended joint motion for new trial of the defendants Douglas Dennard and Douglas Motors Sales, Inc., complains of an excerpt of the charge wherein the jury was instructed that it is not necessary to prove conversion when the defendant is in possession of chattels when an action for trover is instituted, but that it is necessary to prove conversion when the defendant is not in possession of the chattels when the action is instituted.

No contention is made that the charge was not a correct principle of law, the contention being that the uncontradicted evidence showed that these defendants were not in possession of the chattels at the time the action was instituted, and that the charge could have led the jury to believe that the plaintiff did not have to prove a conversion as to them.

Without going into all of the evidence adduced on the trial of the case, there was evidence, business records of the corporate defendant, Douglas Motors Sales, Inc., that some of the vehicles had been received in the corporation's inventory and such records did not disclose the sale of all such vehicles. There was also the testimony of E. J. Womack that all of such vehicles were placed on the lot of Douglas Motors Sales, Inc. The jury could have determined that such vehicles, or at least some of such vehicles were still on the lot of such defendant at the time the action was instituted. Accordingly, there is no merit in such ground of the amended motion for new trial.

■ Special ground 2 of the joint amended motion for new trial of Douglas Motors Sales, Inc., and Douglas Dennard complains that there was no evidence to authorize the charge by the court: "Now, in estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount which he shall prove at the time of the conversion, if you find there was a conversion."

There was evidence as to the "value set" on the automobiles at the time the sales contract was entered into between the plaintiff corporation and Douglas Motors Sales, Inc., by its agent. Therefore this was evidence of value as to the corporate defendant, Douglas Motors Sales, Inc., inasmuch as between vendor and vendee the "sales price" is prima facie evidence of "value"

(*Dasher* v. *International Harvester Co.*, 42 *Ga. App.* 130 (6), 155 S. E. 211), although it was not evidence of value as to the defendant Douglas Dennard individually. See *Home Ins. Co.* v. *Cook*, 96 *Ga. App.* 139 (2) (99 S. E. 2d 567). In addition to the above testimony the plaintiff's witness, Robert Martin, testified that he saw four automobiles on a lot adjacent to the four-lane highway at Marietta, Georgia, that he, for reasons given, believed to be four of the automobiles which were allegedly converted and the value of these automobiles as set by him. This witness had previously testified that he had been engaged in the automobile business for six years and was familiar with the market value of automobiles. When the above testimony is considered in connection with the testimony of the defendant Charles M. McCoy, that the automobiles were taken from Rome, Georgia, to Marietta, Georgia, and stored and sold on a lot adjacent to the four-lane highway it cannot be said that there was no evidence as to the value of any of the automobiles which would bind the defendant Douglas Dennard, although such evidence may have been circumstantial. Accordingly, the charge complained of was not error.

■ The next special ground of the amended motion for new trial complains that the trial court erred in charging the jury that it should first determine whether the plaintiff had proved its title or right of possession to the property scheduled in its petition in trover.

The contention is made that such charge would have permitted the jury to find for the plaintiff upon the theory that it had "right of possession" when it had pleaded that it held "title" to the automobile. Assuming but not deciding that such question might be properly raised by a motion for nonsuit had the plaintiff proved "right of possession" after alleging "title", here where no objection was made to the admission of any evidence as to "right of possession" such evidence, if admitted without objection, would be tantamount to an amendment to the petition so as to authorize the charge complained of. See *Reserve Ins. Co.* v. *Foster*, 96 *Ga. App.* 337, 340 (99 S. E. 2d 839), and citations.

■ The remaining special grounds of the amended motion for new trial of Douglas Motors Sales, Inc., and Douglas Dennard

complain of an excerpt of the charge wherein the jury were instructed, in effect, that their verdict should be for the plaintiff and against all the defendants or for all the defendants and against the plaintiff.

In *Howard* v. *Snelling,* 28 *Ga.* 469 (3), it was said: "If two are sued in trover, and no conversion is proven against one of them, it is no ground for a nonsuit, but the verdict should be framed in accordance with the testimony." In *Huntington* v. *Bonds,* 68 *Ga.* 23, it was held that, where in an action for trover a part of the personalty sought had not been converted by the defendant, a verdict for the personalty actually converted is proper. Therefore, to charge the jury, in effect, that it must find either for or against *all* the defendants and in the same amount was error where the evidence authorized a finding that one or more of the defendants in the trial court did not at any time have possession of some of the automobiles, and was error requiring the grant of a new trial.

■ Neither the general grounds of the motions for new trial, nor the motions for judgments non obstante veredicto of the four named defendants will be dealt with in detail, since the case, at least as to the defendants who waived the defective process, must be tried again, for as shown by the rulings dealing with the special grounds of the motion for new trial, there was evidence to support a verdict for the plaintiff, and the evidence did not demand a verdict for the defendants.

During direct examination of the agent of the plaintiff corporation, a used car manager, testimony was adduced to the effect that all automobiles purchased from the plaintiff by Douglas Motors Sales, Inc., were paid for. The defendants contend that, since the testimony of a party is to be construed against him when it is vague, equivocal or contradictory, such testimony should be construed as showing that all the automobiles purchased from the plaintiff by the Douglas Motors Sales, Inc., had been paid for including the ones for which the action in trover was brought. "While the testimony of a party in his own behalf must be construed most strongly against him, if self-contradictory or equivocal, and without other evidence of right to recover, he is not entitled to a finding if his testimony, so construed,

520

shows that the verdict should be against him (*Long Cigar & Grocery Co.* v. *Harvey*, 33 *Ga. App.* 236 (2), 125 S. E. 870, and citations), and this rule is applicable against a corporate party, upon the testimony of its president, it has never been extended beyond the president to other officers. *Nalley Land &c. Co.* v. *Merchants &c. Bank*, 187 *Ga.* 142, 146 (5) (199 S. E. 815)." *Ray* v. *Thomas McDonald Corp.*, 90 *Ga. App.* 872, 875 (84 S. E. 2d 705). Therefore, the testimony of the plaintiff's witness did not demand a finding that the automobiles, on which the action in trover was based, had been paid for by Douglas Motors Sales, Inc.

In view of the above rulings the judgment of the trial court overruling the motion to quash the process made by the defendants Charles M. McCoy and Peoples Automobile Loan & Finance Corp. must be reversed, as well as the judgment of the trial court overruling the amended motion for new trial of the defendants Douglas Dennard and Douglas Motors Sales, Inc.

*Judgment overruling motion to quash process in Case No. 37567 reversed, and judgment overruling the motion for new trial in Case No. 37568 reversed, and judgment overruling the motion for judgment non obstante veredicto in Case No. 37568 affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgments and the opinion but I cannot concur in headnote 6. I think the statement therein is too broad, is confusing and misleading and does not follow the statute on judgments notwithstanding verdicts or the decisions of this court and the Supreme Court on the subject.