39839, 39840.   COOK v. JACKSON;  and vice versa.

DECIDED JANUARY 23, 1963.

*Wyatt & Wyatt, L. M. Wyatt,* for plaintiff in error.
*William P. Johnson,* contra.

FELTON, Chief Judge. ■ The court did not err in quashing the process and dismissing the plaintiff's action. The plaintiff in error contends that the prayer for process in this case is sufficient and contends that it is materially different from the process in *Seaboard Air Line R. Co. v. Hollomon,* 95 Ga. App. 602 (98 SE2d 177), in that in the case sub judice after the words "then and there to answer this your petitioner's complaint" were the additional words, *"in writing as required by law."* (Emphasis supplied.) The contention would be valid if the words "at the next term of this court" had been omitted. *Sherman v. Floyd,* 98 Ga. App. 661 (106 SE2d 330). The express prayer that the defendant be required to appear "at the next term of this court" prevails over an implied prayer to appear at a time different from the express prayer. The most that can be said for the prayer in the instant case is that it is contradictory and duplicitous. In the absence of an amendment to the prayer the court correctly quashed the process and dismissed the plaintiff's action.

■ The cross-action was based on the theory that the plaintiff's negligence caused injury to the defendant's person and property. It was not a setoff against a possible recovery of some amount by the plaintiff. The cross-action was not a defense or a plea of recoupment under any theory. The cross-action was filed more than two years after the alleged personal injuries were suffered by the defendant, within thirty days from the service of process upon the defendant and the part of the cross-action seeking property damages was filed within four years from the time of the alleged negligence of the plaintiff. The statute of limitation applies to setoff and cross-actions in Georgia. *Byrom v. Ringe,* 83 Ga. App. 234 (63 SE2d 235); *Mobley v. Murray County,* 178 Ga. 388 (173 SE 680); 17 Ruling Case Law 745, Sec. 112; ibid., Sec. 113; 34 Am. Jur. 57, § 63; ibid., 59, § 65; 53 CJS 1090, Limitations of Actions, § 106; 1 ALR2d 634.

It follows from what is said next above that the court's judgment sustaining the plea of the statute of limitation to that part of the cross-action which sought damages for personal injuries is correct. However, it would seem that the cross-action, insofar as it sought damages for injuries to property, is sustainable under the circumstances. We base this conclusion on a statement of the Supreme Court in *Georgia R. &c. Co. v. Endsley,* 167 Ga. 439, 443 (145 SE 851, 62 ALR 256) as follows: "As to limitations: we merely call attention to the fact that a party would be barred as to each class at precisely the same time, whether they constitute one cause of action or two; and that if some of his items of damage become barred, he may still sue for those against which the statute has not run, whether there be one action or two; for while a plaintiff may not, without the express or implied consent of the defendant (or for some equitable reason), split up a single cause of action for the purpose of bringing separate suits for the whole, he certainly may, if he chooses to do so, bring an action for less than he is entitled to receive."

The court did not err in quashing the process and dismissing the plaintiff's action, nor in dismissing the cross-action as to damages for personal injuries. The court erred in dismissing the cross-action for property damage.

254

*Judgment on the main bill affirmed; judgment on the cross-bill affirmed in part and reversed in part. Eberhardt and Russell, JJ., concur.*