## 47864. HUNT v. DENBY.

ARGUED FEBRUARY 7, 1973 — DECIDED MARCH 15, 1973.

*Spence & Knighton, Virgil C. Spence,* for appellant.

*Gray & Nelson, Donald O. Nelson,* for appellee.

CLARK, Judge. This case involves a number of interesting procedural points. Among these are the propriety of using "Jack Jones Forms" and the right of a dissatisfied party to take an immediate appeal from a

trial court's order of dismissal where that order gave permission to amend but the party declines to exercise such privilege.

On January 28, 1972, Hunt in propria persona filed a bail in trover suit for recovery of specified household furniture items and an engagement ring against a former wife (the marriage was void because of prior undissolved nuptials). Plaintiff used the time-honored Jack Jones printed form including the obsolete prayer to issue process requiring defendant to appear at the next term. Disregarding the prayer, the clerk attached the currently used process requiring appearance within 30 days. After personal service defendant posted the statutory bond entitling her to retain the property but thereafter failed to file any defensive pleadings. On April 13, 1972, a default money judgment was returned by the trial judge without a jury in which the existence of the default is stated as well as the fact that the court heard evidence as to value. Four days later defendant filed a motion for new trial on various grounds. After argument from counsel at the hearing thereon, the court entered an order in general terms granting the new trial without specifying his reasons.

At the inception of the case coming on for re-trial defendant moved for dismissal based on an alleged defect in the process which we will discuss in the body of our opinion. The court sustained this motion, the order reading " (A) That the above styled case be dismissed in that service has not been perfected; (B) That the plaintiff is granted leave of Court to amend his petition and re-serve same in accordance with law."

Rather than amend plaintiff elected to take this appeal. His two enumerations contend error in dismissing plaintiff's case and error in setting aside the default judgment and granting a new trial.

Appellee moved in this court for dismissal of the appeal on the basis that there was no final judgment and no

immediate review certificate.

■ The motion to dismiss this appeal is denied on the authority of *Peacock Construction Co. v. Chambers,* 223 Ga. 515 (156 SE2d 348) which affirmed the majority opinion of our court in the same case reported as *Chambers v. Peacock Construction Co.,* 115 Ga. App. 670 (155 SE2d 704). Chief Justice Duckworth pointed out certiorari had been granted in order to clear the confusion created by conflicting Supreme Court decisions dealing with trial court dismissals which included leave to amend. At page 517 he stated the rule to be that "The appellant has an election, that is (1) an immediate appeal by forgoing the privilege to amend; or (2) he may consider amending up to the expiration of the time allowed for amendments, yet appeal within 30 days thereafter; and (3) if he elects to amend during the period of time allowed, he is entitled to have his petition as amended considered on demurrer to determine if a cause of action is now alleged after amendment."

■ Was the trial court correct in dismissing the case because of defective but amendable process? The answer would have been in the affirmative under the cases decided prior to the Civil Practice Act of 1966 because of decisions such as *Malcom v. Knox,* 81 Ga. App. 579 (59 SE2d 542), *Sherman v. Floyd,* 98 Ga. App. 661 (2) (106 SE2d 330) and *McCoy v. Romy Hammes Corp.,* 99 Ga. App. 513 (109 SE2d 807). These rulings ante-dating the Civil Practice Act were based upon the clerk of court being without power "to require a person to appear at a time other than that at which the prayer for process prays his appearance." *Seaboard A. L. R. Co. v. Hollomon,* 95 Ga. App. 602, 603 (98 SE2d 177).

Our Civil Practice Act of 1966 codified as Title 81A of our Annotated Code effected a complete revision of our legal procedure. Sections 81A-104 and 81A-108 eliminated the necessity of a prayer for process. Sub-paragraph (a) of the latter section requires the complaint

to state "(1) A short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." Subparagraph (a) of the former section provides that "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service." With the clerk here having issued the summons and with personal service being made upon defendant of the complaint and summons the legal process here was valid. Accordingly, the trial court erred in its dismissal order.

■ The "Jack Jones Forms" which were enacted into law in our state in 1847 can in our judgment continue to be used because they meet the requirement of giving "[a] short and plain statement of the claim showing that the pleader is entitled to relief" as provided in § 81A-108 (a). These forms can be found at pages 2, 3 and 4 of Book 23 of the current Annotated Code of Georgia which contains Title 81 "Pleading and Practice." The numbers there stated are taken from the Code of 1882. Legal historians should note that almost a century before the Federal Rules of Civil Procedure our Georgia lawmakers passed legislation permitting use of these brief forms in the bill entitled "An Act to Simplify and Curtail Pleadings at Law." Ga. L. 1847, p. 204. When the New York Code of Procedure, generally known as the Field Code, was adopted the "Jack Jones Forms" were embodied therein but credited to England when in fact our British cousins had copied them from Georgia. See "John A. Jones—The Father of Modern Reform Procedure" by Charlton M. Theus, 4 Ga. Bar J. 4:12. See too *Dugas v. Hammond,* 130 Ga. 87 (60 SE 268) where at page 94 Justice Lumpkin said of these forms "They might be called the ne plus ultra of brief pleading."

■ The remaining question involves the correctness of the interim ruling by the trial judge in granting a new trial. Although the submitted briefs have sought to argue

factors which they contend caused the trial judge to grant a new trial to defendant we are limited to the record. *Airport Assoc. v. Audioptic &c., Inc.,* 125 Ga. App. 325 (2) (187 SE2d 567); *Jenkins v. Board of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204). Here the trial judge limited his order to a recital that after "Having heard argument of respective counsel, it is hereby ordered: That the judgment of the plaintiff entered on the 12th day of April 1972 is hereby set aside and a new trial granted." (R. 18). In this state of the record we should not interfere with the broad discretion existing in the trial judge covering the first grant of a new trial. Code § 6-1608; *Lee v. Wade,* 104 Ga. App. 375 (121 SE2d 694); *Warren v. Mann,* 117 Ga. App. 787 (161 SE2d 894) and cits.

*Judgment affirmed in part; reversed in part. Hall, P. J., and Evans, J., concur.*