## STAPLETON *et al. v.* PERRY *et al.*

1. The act approved December 15, 1902 (Acts 1902, p. 326), entitled "an act to amend section 45 of the charter of the City of Americus, approved November 11, 1889, so as to make the police commissioners of Americus elected by the people, to change the number of said commissioners from five to four, and to make the mayor of Americus a member of the board of commissioners and the chairman thereof, and for other purposes," is not unconstitutional as containing matter different from that expressed in its title because in the body of the act it is provided that there shall be five commissioners, four of whom shall be elected by the people, and that the mayor of Americus shall be ex officio a member of the board and chairman thereof.

2. A provision in such an act that vacancies shall be filled by the mayor and council of the city is germane to the general purpose of the act, expressed in its title, and the fact that such provision is not specifically referred to in the title does not render the act invalid.

Submitted March 24, — Decided April 8, 1903.

Quo warranto. Before Judge Littlejohn. Sumter superior court. February 16, 1903.

*W. A. Dodson* and *James Taylor*, for plaintiffs.
*Lane & Maynard* and *Blalock & Cobb*, for defendants.

CANDLER, J. By section 45 of the charter of the City of Americus as contained in the Acts of 1889, p. 973, it was provided that there should be a board of police commissioners for the city, consisting of five named persons, two of whom were to hold office for six years, two for four years, and one for two years; and that at the end of the term of office of each of such persons his successor should be elected for a term of six years. The section also provided that the board should elect its own successors, and fill any vacancies that might occur during a term. The oath to be taken by the commissioners was prescribed, and their powers and duties defined. By an act approved December, 15, 1902 (Acts 1902, p. 326), the General Assembly undertook to amend the section of the charter referred to, "so as to make the police commissioners of Americus elected by the people, to change the number of said commissioners from

36

five to four, and to make the mayor of Americus a member of the board of commissioners and the chairman thereof, and for other purposes." The body of the act, from the title of which the language just quoted is taken, provides that the board of police commissioners shall consist of five persons, "one of whom shall be the mayor of Americus, who shall be an ex-officio member of said board and chairman thereof. The other four shall be resident citizens of Americus, and shall be elected by the qualified voters of said city, at the same time and under the same provisions as the other city officers are elected. All four of said commissioners shall be elected at the first annual election after the passage of this act, the two commissioners receiving the highest number of votes to be elected for a term of four years, and the two receiving the next highest number of votes to be elected for a term of two years, and each succeeding two years thereafter, at the regular city election, an election will be held for the term of four years to succeed the commissioners whose terms may then expire. Should a vacancy occur in the board from any cause other than the expiration of the regular term, an election to fill said vacancy shall be held by the mayor and city council of Americus, and such incumbent shall hold until the unexpired term shall expire and his successor is elected and qualified." At the first annual city election held after the passage of this act, the plaintiffs in error were, under its terms, elected police commissioners, and took the oath of office prescribed by the original charter. The members of the board as formerly constituted refused to recognize their election as valid, or to turn over to them the books and papers of the board, but continued to exercise the functions of police commissioners. Thereupon the plaintiffs in error brought their petition for leave to file an information in the nature of quo warranto, inquiring into the right of the defendants to hold the respective offices claimed by them. The petition also prayed for a judgment ousting the defendants; that they be required to turn over to the plaintiffs the books and papers of the board; and that the plaintiffs be declared the legally elected police commissioners of the city. The answer of the defendants was, in effect, an admission of the material allegations of fact in the petition, except as to the election of the plaintiffs by the people, and a denial of their right, under those facts, to hold the offices claimed by them. They also demurred to the petition, on the ground that

the act of 1902, on which it is based, is unconstitutional. At the hearing the plaintiffs made out the case laid in their petition, while the defendants introduced no evidence. The court, after argument upon the petition, answer, and demurrer, denied the petition, and the plaintiffs excepted.

1. As will have been gathered from the foregoing statement, the sole question for determination by this court is as to the validity of the amending act of 1902. In the demurrer filed in the court below the act was attacked as unconstitutional on two grounds: first, that it does not sufficiently designate or describe the act sought to be amended; and second, that it contains in its body matter at variance with and repugnant to its title. The first ground, however, was abandoned in the argument, which was by brief filed in this court; and the only question now to be considered is whether the act under consideration contains matter different from that expressed in its title, within the meaning of the constitutional inhibition. Among the purposes of the act, as expressed in its title, is "to change the number of said commissioners from five to four, and to make the mayor of Americus a member of the board of commissioners and the chairman thereof." The charter as amended provides "that there shall be a board of police commissioners consisting of five persons, one of whom shall be the mayor of Americus, who shall be an ex-officio member of said board and chairman thereof." Undeniably the legislative meaning is awkwardly expressed, but the clear intent of the act is to reduce the number of police commissioners, who are to be elected as such, from five to four, and to add to the board the mayor, whose membership is not derived from any election as police commissioner, but arises solely by virtue of his occupancy of the office of mayor. While it is not clear from the title whether the mayor is intended to be one of the four commissioners to the number of which the board is to be reduced, or to constitute an additional member of the board, the language is certainly susceptible of the latter construction; and giving it that construction (as we must, applying the well-known rule that all doubts are to be resolved in favor of the constitutionality of the statute), it is in entire harmony with the body of the act.

2. Nor is the amending act unconstitutional because it provides that vacancies shall be filled by the mayor and city council, without making any specific reference in the title to the manner in

which such vacancies shall be filled.    The main purpose of the act, as expressed in its title, is to change the method of selecting police commissioners for the City of Americus so as to have them elected by the people.    The filling of vacancies that may occur during the terms of any of the commissioners is plainly germane to that general purpose, and may very properly come within the scope of the words, " and for other purposes," at the conclusion of the title.    The fact that vacancies are to be filled by the mayor and council, and not by popular election, does not vitiate this provision of the act.    It is a matter of common knowledge that popular elections are expensive, and attended by more or less cumbersome machinery, and the filling of vacancies by the direct representatives of the people is not at variance with the main idea of the act, viz., to put the election of these officers in the hands of the people.    See, on this subject, *Mayor* v. *Hughes*, 110 *Ga.* 795 ; *Welborne* v. *State*, 114 *Ga.* 815 ; *Mayor* v. *Perry*, 114 *Ga.* 871 ; *Morris* v. *State*, 117 *Ga.* 1.

The remaining points made in the briefs of counsel are not of sufficient merit to require extended discussion.    There is, of course, no force in the contention that the act of 1902 is inoperative because it makes no provision for a possible failure to elect.    No such contingency exists in the present case ; and even if the act is subject to that objection (as to which we do not deem it necessary to decide), the defect does not go to the constitutionality of the law, with which alone we have to deal.    It is also obvious that the fact that there are only three plaintiffs to the petition, while, under the amending act, there are four offices to be filled, does not affect their right to inquire into the legality of the tenure by which the defendants held their office, or to set up their own claims thereto. As to the power of the General Assembly to pass legislation as a result of which the defendants are ousted from their offices before the expiration of the terms for which they were chosen, see the recent case of *Dallis* v. *Griffin*, 117 *Ga.* 407, which, as to its facts, is very similiar to the case at bar.

For the reasons herein stated, we  conclude that the court below erred in refusing the petition for leave to file an information in the nature of quo warranto.

*Judgment reversed.    By five Justices.*