## LAMBERT *v.* NORMAN.

A legislative act incorporating a town, which provides that named persons shall act as mayor and aldermen until their successors are elected by the people of the town according to the scheme of the act, is not opposed to that provision of the constitution which declares that " the people of this State have the inherent, sole, and exclusive right of regulating their internal government, and the police thereof" (Civil Code, § 5734); nor to that provision which declares that " in all elections by the people the electors shall vote by ballot" (Civil Code, § 5736). Nor is such act unconstitutional for the reason that the General Assembly " has no elective or appointive power of officers of towns to which they grant charters."

Argued December 7, 1903. — Decided January. 12, 1904.

Quo warranto. Before Judge Mitchell. Colquitt superior court. October 6, 1903.

*Park & Payton*, for plaintiff.
*Robert L. Shipp* and *Alfred R. Kline*, for defendant.

Cobb, J. This case involves the validity of that portion of the charter of the town of Norman Park (Acts 1902, p. 519) which designates by name the mayor and aldermen of the town, who are to serve until their successors are elected according to the scheme of the act. All of the points insisted on are ruled in the headnote, and we do not deem any further elaboration necessary. The case of *Perry* v. *Americus*, 114 *Ga.* 871, is closely in point, even if not directly controlling. See also *Dallis* v. *Griffin* and cit., 117 *Ga.* 408; *Stapleton* v. *Perry*, 117 *Ga.* 564.

*Judgment affirmed. All the Justices concur.*