TATUM, city clerk, *v.* LANGLEY.

No. 10317. November 16, 1934.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiff in error.

*Hendrix & Buchanan,* contra.

Beck, P. J.   W. D. Langley, a citizen of Atlanta, filed a petition against J. Henson Tatum, clerk and registrar of the City of Atlanta, for a writ of mandamus.   He alleged that he had paid all poll-taxes due by him to the State of Georgia, including his poll-tax for the year 1933; that he applied to the registrar for registration as a voter in the City of Atlanta, and was declined registration because he had not paid his street-tax of three dollars for the year 1933; that the payment of this street-tax was not a legal condition precedent to registration, and he therefore asked that the city registrar be required to register him as a voter in the City of Atlanta.

The defendant filed a demurrer to the petition, on the grounds: (a) That the plaintiff was not entitled to mandamus, under the facts alleged. (b) That payment of poll-taxes did not authorize him to register and vote in the City of Atlanta, unless he complied with the ordinances of the city, because the city itself is authorized, under its charter, to register voters for city elections, and to set up rules therefor, and it had set up the payment of a street-tax as a prerequisite to registration; that this tax was authorized by the charter, and the requirement of its payment did not violate any constitutional or legal provision, and the constitutional requirement with reference to poll-tax did not mention or refer to city elections, and therefore it applied only to State elections.   (c) That petitioner did not allege the payment of this street-tax, nor did he state any reason why same should not be paid.

The city also answered the petition, but no material issue of fact was involved.   The court adjudged that the demurrer be overruled, that the mandamus be made absolute, and that Langley be regis-

tered as a qualified voter without the requirement of the payment of the street-tax. The defendant excepted on the following grounds: (a) The constitutional provision referred to has no application to municipalities. (b) The requirement for payment of street-tax is not inconsistent with the constitutional provision that voters on payment of $1 poll-tax may be registered to vote. (c) That the demurrer should have been sustained and the case dismissed.

The court did not err in making the mandamus absolute. In the constitution of this State, article 2, section 1, paragraph 2 (Code of 1910, § 6396), it is provided: "Every male citizen of this State, who is a citizen of the United States, twenty-one years old or upwards, not laboring under any of the disabilities named in this article, and possessing the qualifications provided by it, shall be an elector and entitled to register and vote at any election by the people." Article 2, section 1, paragraph 3 (§ 6397), provided, before the amendment adopted in 1932: "To entitle a person to register and vote at any election by the people, he shall have resided in the State one year next preceding the election, and in the county in which he offers to vote six months next preceding the election, and shall have paid all taxes which may have been required of him since the adoption of the constitution of Georgia of 1877, that he may have had an opportunity of paying agreeably to law." By the amendment proposed by the legislature in 1931, and adopted by the people in 1932 (Ga. L. 1931, p. 102), the words, "all taxes which may have been required of him," etc., were stricken, and in lieu thereof were substituted the words, "all poll-taxes that he may have had an opportunity of paying agreeably to law;" so that the paragraph when amended reads as follows: "To entitle a person to register and vote at any election by the people, he shall have resided in the State one year next preceding the election, and in the county in which he offers to vote six months next preceding the election, and shall have paid all poll-taxes that he may have had an opportunity of paying agreeably to law," etc. We are of the opinion that the expression "any election by the people," covers municipal elections as well as state and county elections. A municipal election is an election by the people. If the legislature had desired that this should not apply to municipal elections, it could easily have so stated. "At any election" is not a doubtful expression.

It is urged by counsel for the plaintiff in error that the ruling in *McMahon* v. *Savannah,* 66 *Ga.* 217, requires a different conclusion. The facts in that case were different from those here, and we do not think that ruling requires that counsel's contention be sustained. The court did not err in making the mandamus absolute.

*Judgment affirmed.    All the Justices concur.*