## SHARPLEY *et al.* v. FITZGERALD *et al.*

PER CURIAM. Whether or not in the instant *equity* suit the court should have declined jurisdiction upon the ground that it involved a mere political right, the judgment granting an interlocutory injunction was

erroneous, on application of the principles this day ruled in *Harris* v. *McMillan*, ante, 529.

*Judgment reversed. All the Justices concur, except Russell, Chief Justice, dissenting.*

No. 12372. JULY 15, 1938. REHEARING DENIED JULY 21, 1938.

*Lawton & Cunningham* and *F. P. McIntire,* for plaintiffs in error.

*O'Neal & O'Neal* and *A. L. Alexander,* contra.

RUSSELL, Chief Justice, dissenting. In a proceeding in the nature of quo warranto main and cross-bills of exceptions were filed to the order of the trial judge, in cases No. 12446 and 12447. In case No. 12372 a petition for injunction was filed, presenting practically the same questions for adjudication as were involved in the quo warranto proceeding. I was of the opinion that the judgment in both cases should be affirmed. The majority of this court differ with me, and think that the judgment in both cases should be reversed. The majority is of the opinion that the unanimous decision in *Tatum* v. *Langley,* 179 *Ga.* 731 (177 S. E. 243), is easily distinguishable in principle from the cases now under consideration, while I am of the opinion that the decision in the *Tatum* case is absolutely controlling as to the cases at bar. It is my humble opinion that my eminent colleagues restricted their view of the principles involved to the mere question of paying taxes, or to collecting taxes, when as I see it the former decision of this court is essentially a question, not of collecting taxes, but as to when a citizen is entitled to exercise the privilege of *voting,* and that in the cases in which this question has arisen the collection of taxes or the payment of taxes was merely incidental to the far more paramount question of the right of a citizen to exercise his elective franchise. The majority of the court do not seek to overrule the *Tatum* decision, and thus destroy its validity, but place the ruling in the case now under. review upon the decision in *Harris* v. *McMillan,* ante, 529. I can not concur in the conclusion of the majority. In the quo warranto proceeding it is held: (1) that a provision in the charter that permits any person to vote who "shall own in his or her own name and right a lot or parcel of land in said town" is not violative of the uniformity clause of art. 1, sec. 4, par. 1, of the constitution of this State

(Code, § 2-401), there being no general law on the subject. (2) That section 8 of the Savannah Beach charter is not violative of art. 2, sec. 1, par. 3, of the constitution (Code, § 2-603). (3) That section 8 of said charter does not violate art. 2, sec. 1, par. 2, of the constitution (Code, § 2-602). And finally (4) that the constitution does not limit the qualifications of voters in *municipal elections*, so as to prevent the legislature from providing qualifications additional to those required in county and State elections. In none of those conclusions can I possibly concur. The majority of the court, confining its investigation only to those portions of the constitution above recited, lost sight of the fact that there are certain inherent rights of citizens of Georgia that do not need to be expressly announced, because unless there are restrictions placed in the constitution upon such rights they are inherent and have been inherited from a time whereof the memory of man runneth not to the contrary. No restrictions upon the right to vote are imposed by the constitution. None can be found in that instrument. It is perfectly clear to me that the mere absence of a statement that a voter's right to vote without having property or other qualification placed upon his eligibility does not authorize the imposition of such a requirement. A restriction is an exception, and not the general rule; and if an exception is to take the place of the general rule, it must be by express provision. The latter is not to be found.

The opinion of the majority attempts to distinguish the case cited, supra, as follows: "In *Tatum* v. *Langley*, supra, it was held that one who had not paid a street tax in accordance with an *ordinance of the municipality* requiring payment of such tax as a prerequisite to vote in a municipal election was nevertheless entitled to vote in such election, he having paid his poll-tax as required by the constitution. No other question was presented, and the decision must be construed accordingly." What is meant by the words, "No other question was presented, and the decision must be construed accordingly"? Counsel for the plaintiffs in error appear to recognize the correctness of the proposition that the ruling of this court in the *Tatum* case was controlling; for it is said in the brief: "The court should follow the older cases of *Americus* v. *Perry*, 114 *Ga.* 871, *Churchill* v. *Walker*, 68 *Ga.* 681, and *Lambert* v. *Norman*, 119 *Ga.* 351, rather than the sub-

sequent cases of *Tatum* v. *Langley,* 179 *Ga.* 731, and *Lilly* v. *Miller,* 181 *Ga.* 624, which conflict with the former decisions." Further in the brief it is said: "If the court should be of the view that the cases of *Tatum* v. *Langley,* 179 *Ga.* 731 (supra); and *Lilly* v. *Miller,* 181 *Ga.* 624 [183 S. E. 790], control the decision of the case at bar, then we respectfully request the court to review and overrule the said two decisions." No statement is made in the opinion of the majority in response to the request to overrule, the only reference to the *Tatum* case being what has just been quoted. The case of *Mayor &c. of Americus* v. *Perry,* 114 *Ga.* 871 (40 S. E. 1004, 57 L. R. A. 230), on which plaintiffs in error mainly rely, is only a five-judge decision. The full-bench decision of *Lambert* v. *Norman,* 119 *Ga.* 351 (46 S. E. 433), adjudicated only that a legislative act designating the names of the mayor and aldermen who were to serve until their successors were elected was not unconstitutional because it offended the provisions of the constitution that "the people of this State have the inherent, sole, and exclusive right of regulating their internal government, and the police thereof," and "in all elections by the people the electors shall vote by ballot," and that the General Assembly "has no elective or appointive power of officers of towns to which they grant charters." I do not construe the statement in the nine-line opinion in the *Lambert* case, that "The case of *Perry* v. *Americus,* 114 *Ga.* 871, is closely in point, even if not directly controlling," to be a holding of the court that the ruling in the *Perry* case had thereby received the unanimous approval of this court. It is therefore my mature conclusion that the opinion of the majority, without passing upon the request that the *Tatum* case be overruled, adjudicates adversely to the ruling in that case, and thus, by only a majority opinion, overrides and nullifies the principles directly ruled in the unanimous six-judge decision in the *Tatum* case.

It must be borne in mind that the first headnote in *Tatum* v. *Langley,* supra, is in these words: "The amendment to the constitution of this State, proposed by an act approved August 14, 1931, and adopted by the people in 1932, relating to an elector's qualification on paying poll-taxes, is applicable not only to State and county elections, but also to municipal elections." In this case it was held that a citizen who has resided within the State twelve

months, in the county in which he is domiciled six months, and has paid all *poll taxes* that have been required of him, is entitled to have his name placed upon the required registration list. The registration laws provide that he must be registered in the militia district where he lives, or, if he lives in a city, the ward in which he resides; and only in case no election is held in his militia district is he permitted to vote at the court-house precinct in his county. It seems to me, in view of the fact that the record before his honor, Judge Rourke, did not show that any of the parties in the case were registered voters anywhere and thereby entitled to participate in the election, that he had no proper parties before him, and therefore he was without jurisdiction to deal with the case other than as he did, by dismissing the petition upon demurrer. In *Lambert* v. *Norman,* supra, it was held: "A legislative act incorporating a town, which provides that named persons shall act as mayor and aldermen until their successors are elected by the people of the town according to the scheme of the act, is not opposed to that provision of the constitution which declares that 'the people of this State have the inherent, sole, and exclusive right of regulating their internal government, and the police thereof' (Civil Code, § 5734); nor to that provision which declares that 'in all elections by the people the electors shall vote by ballot' (Civil Code, § 5736). Nor is such act unconstitutional for the reason that the General Assembly 'has no elective or appointive power of officers of towns to which they grant charters.'" From which it appears that the inherent right of a citizen of Georgia is recognized, and nothing held in that case is in conflict with what I am now maintaining.

In the petition for injunction upon which is based the writ of error in case No. 12372, certain persons claiming to have an interest in the municipality of Savannah Beach, and those who should conduct its administrative functions, made application for an injunction restraining the clerk of the town from placing upon a registration list of voters named persons who were domiciled in the City of Savannah. At an interlocutory hearing at which evidence was introduced, the judge granted an injunction restraining the clerk as prayed, and also restraining the other persons named as defendants in the petition from participating in an election to be held April 4, 1938, either as voters or candidates.

While it is true as a general rule that courts of equity will not concern themselves with mere political questions, our reports give evidence that there are many exceptions to this rule, among which may be cited two decisions rendered by Mr. Justice Evans, *Tolbert* v. *Long,* 134 *Ga.* 292, 134 *Ga.* 298 (67 S. E. 826, 828, 137 Am. St. R. 222). See also *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247); *Town of Roswell* v. *Ezzard,* 128 *Ga.* 43 (57 S. E. 114); *Town of Maysville* v. *Smith,* 132 *Ga.* 316 (64 S. E. 131); *County of DeKalb* v. *Atlanta,* 132 *Ga.* 727 (65 S. E. 72); *Marbut* v. *Hollinshead,* 172 *Ga.* 531 (5) (158 S. E. 28). I am of the opinion that the learned trial judge properly classified this case as one presenting very exceptional features. If so, the application for interlocutory injunction was properly entertained; and in my opinion the judgment granting the relief prayed for should not be reversed but should be affirmed.