20834. BOBO *v.* MAYOR &c. OF TOWN OF SAVANNAH BEACH, TYBEE ISLAND, GEORGIA.

SUBMITTED MARCH 15, 1960—DECIDED APRIL 4, 1960— REHEARING DENIED APRIL 27, 1960.

*Aaron Kravitch, Findley, Shea, Friedman, Gannam, Head & Buchsbaum,* for plaintiff in error.

*Anton F. Solms, Jr.,* contra.

CANDLER, Justice. On August 7, 1959, the plaintiff, E. C. Bobo, filed a proceeding for injunctive and declaratory relief in the Superior Court of Chatham County against the defendants as the governing body of the Town of Savannah Beach, Tybee Island, Georgia (hereinafter referred to as Tybee); and the exception is to a judgment dimissing his petition on general demurrer. The petition questions the right of persons who reside in Chatham County, though outside of Tybee, but who own property therein, to vote in its elections for municipal officers thereof; and seeks an injunction to prevent such persons from being permitted to do so. Except as Tybee's charter relates to the residence qualification of the mayor of such municipality and the voting age of electors, which were changed by an amendment to its charter in 1949 (Ga. L. 1949, p. 271), the petition in this case raises the same question respecting the validity of Tybee's charter which was raised in *Harris* v. *McMillan,* 186 *Ga.* 529 (198 S. E. 250), and which was, with Chief Justice Russell dissenting, decided adversely to the contention the plaintiff there made and to the attack which the petitioner makes in this case on Tybee's amended charter. However, it is earnestly argued by counsel for the plaintiff that the majority decision rendered in that case is unsound and for that reason should not be followed in this case. To this we do not agree. That case was decided on July 15, 1938, and it was there held (p. 535): "There is no requirement in our Constitution that there be uniformity in the charters of our municipalities. . . In so far as the powers and restrictions contained therein run counter to no constitutional provision, and no general law, they are valid. The legislature had the power, in granting this charter, to permit persons residing without the municipality but owning real estate therein but residing in the County of Chatham, to vote and hold office in such municipality, if otherwise qualified under the Constitution." As authority for such holding, the majority cited *State* v. *Swearingen,* 12 *Ga.* 23 (1); *Beazley* v. *Lunceford,* 178 *Ga.* 683 (173 S. E. 852); and *Peacock* v. *Larsen,* 180 *Ga.* 444 (178 S. E.

922). And as further supporting authority for the decision rendered by the majority in that case, see *Churchill v. Walker*, 68 *Ga.* 681, and *Mayor &c. of Americus v. Perry*, 114 *Ga.* 871 (40 S. E. 1004, 57 L. R. A. 230). With only Chief Justice Russell not concurring, the decision in the *Harris* case, supra, was followed by this court in *Sharpley v. Fitzgerald*, 186 *Ga.* 526 (198 S. E. 255). There is also no merit in the contention that the provision in Tybee's charter which permits such non-resident persons to thus participate in the management of its municipal affairs offends the equal-protection clauses of the Federal Constitution (Code § 1-815) and the Constitution of this State (Code § 2-103), on the ground that it dilutes the voting power of those who actually reside within the municipality and is therefore discriminatory class legislation. "It is only in cases where laws are applied differently to different persons under the same or similar circumstances that the equal protection of the law is denied." *Baugh v. City of LaGrange*, 161 *Ga.* 80 (2a) (130 S. E. 69); *City of Valdosta v. Harris*, 156 *Ga.* 490 (4) (119 S. E. 625). In this connection, see also *Mayor &c. of Americus v. Perry*, supra, where it was in headnote 2 said: "There is nothing in the Constitution of this State which guarantees to the people living within the limits of a municipal corporation the absolute right of local self-government. How far people so situated may be allowed to participate in the choice of officers who are to administer the affairs of the local government is a matter exclusively within the judgment and discretion of the General Assembly." Since no attack here made on the validity of Tybee's charter is meritorious, it was not error, as contended, for the trial judge to dismiss the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*