24059. THOMPSON v. WILLSON et al.

SUBMITTED MAY 8, 1967—DECIDED MAY 18, 1967.

*Alan B. Smith,* for appellant.

*Cowart, Sapp, Alaimo & Gale, Robert Asa Sapp,* for appellees.

DUCKWORTH, Chief Justice. ■ The petition in prayer "A" prays for the issuance of a rule nisi, and the judge issued same directing the defendants to appear on the 20th day of January 1967, at 2:30 p.m., and show cause why mandamus absolute should not be issued. This rule was attached to the petition and served upon the defendants. This is all the process that the law requires in mandamus cases. *Code* § 64-107. But there

was also attached a process by the clerk directing defendants to appear within 30 days from service thereof. The motion to quash was on the ground that the clerk's process was not in conformity with the prayers therefor which was that the defendants appear at the time designated by the court. In support of this motion counsel cite *Code* § 64-107; *McCoy v. Romy Hammes Corp.*, 99 Ga. App. 513 (109 SE2d 807); *Malcom v. Knox*, 81 Ga. App. 579 (59 SE2d 542); *Seaboard Airline R. Co. v. Hollomon*, 95 Ga. App. 602 (98 SE2d 177); *Lee v. Wade*, 104 Ga. App. 375 (121 SE2d 694); *Burrow v. Dickerson*, 108 Ga. App. 178 (132 SE2d 550). We think the cited law does not support the motion. The process attached by the clerk was surplusage as the rule nisi is the proper process in a mandamus case such as this under *Code* § 64-107, the same being a special statutory proceeding. *Code* § 81-102; *Brown v. Cobb County*, 212 Ga. 172 (91 SE2d 516). This ground of the motion to quash is not meritorious.

But we reject appellant's contention that this point was waived by the simultaneous filing of the plea and demurrers without expressly stating in the demurrers that they were filed subject to the plea. However, the remainder of the motion based upon nonjoinder of necessary parties is without merit since (1) a special demurrer is the proper procedure to raise the question; and (2) if the motion be construed as being a critic, the defect is amendable, and by amendment, the city was made a party whether it be a necessary, proper or an indispensable one as argued by counsel. See *McCallum v. Bryan*, 213 Ga. 669 (3) (100 SE2d 916). It follows that the motion to quash should not have been sustained.

■ Nor do we agree that the statutory provision for contesting an election should have been followed by the plaintiff. This is not a case where a defeated candidate complains—indeed if the statement in the appellees' brief be true he appears to have been satisfied. But here is a voter complaining because his write-in vote was not counted, nor were those of others similarly situated, which would have made a material difference in the result if they had been counted; and he seeks to have those charged with the law to count his vote to perform their

duty.  Mandamus is a proper remedy in such a case.  The fact that, as stated in the brief of counsel for the appellees, the person for whom petitioner voted moved that the declaration of the results of the election be approved, would in no degree satisfy petitioner's complaint, since, if his contentions are found to be true and the election officials declare that result, in the event that person refuses to accept the election, it would not mean that the minority candidate is elected but that a vacancy occurs which must be filled as provided by law.

While under *Mayor &c. of Americus v. Perry,* 114 Ga. 871 (40 SE 1004, 57 LRA 230); *Lambert v. Norman,* 119 Ga. 351 (46 SE 433); *Harris v. McMillan,* 186 Ga. 529 (198 SE 250); and *Bobo v. Mayor &c. of Town of Savannah Beach, Tybee Island,* 216 Ga. 12 (114 SE2d 374), the legislature could provide procedures other than elections to fill the offices of the city, yet it did not do so, but chose rather to provide by law for filling such offices by election.  The city is thus made subject to the Constitution in holding such elections.  Constitution of 1945, Art. II, Sec. I, Par. II (*Code Ann.* § 2-702).  See also *Howell v. Pate,* 119 Ga. 537 (46 SE 667).  This means that no matter what procedure is required for getting the names of candidates on the ballot, the individual elector has the unshackled right to write on the ballot any person he wishes to vote for, and can not be restricted to a choice between those whose names are provided on the ballot.  *Steward v. Cartwright,* 156 Ga. 192, 198 (118 SE 859); *Griffin v. Trapp,* 205 Ga. 176, 182 (53 SE2d 92).  We therefore hold that so much of Section 8 of Ga. L. 1920, p. 757 et seq., at page 763, as prevents voters from voting for persons whose names do not appear on the printed ballot is unconstitutional and void.  We find nothing wrong with the provision of law requiring a petition signed by 50 voters in order to get the candidate's name printed on the ballot, but the portion restricting the voter to a choice as between such candidates denies him the right to write the name of his choice and to strike the name presented to him which is a denial of his right to vote.  A refusal to count his vote completely ignores it and is tantamount to a refusal to allow him to cast it.  We have heard of similar

methods of holding elections in other so-called democratic countries which lay claim to being more completely democratic, but this is not the American way of holding elections, and our Constitutions protect us in guaranteeing our citizens these rights which have been fundamental in our various States since the dawn of this Nation. The Fifteenth Amendment of our Federal Constitution further enlarged on this right of citizens. The law is subject to the constitutional attack made and grounds for the relief sought are alleged, and the court erred in sustaining the motion to quash and the general demurrers, and in dismissing the petition.

*Judgment reversed. All the Justices concur.*