26184. PARKERSON et al. v. MALCOLM.

FELTON, Justice. 1. The Georgia Municipal Election Code provides that "No person shall vote in any primary or election unless he shall be: . . . (iv) a resident of . . . the municipality in which he seeks to vote at least 90 days next preceding the date of such primary or election, notwithstanding any provision of any municipal charter to the contrary;. . ." *Code Ann.* § 34A-501(a) (Ga. L. 1968, pp. 885, 897). This statute further provides that "Notwithstanding any other provision of this Chapter, any person who was qualified and registered to vote at the time of the adoption of this Code shall not be required to reregister under the terms of this Chapter unless such person shall have become or becomes disqualified to vote by reason of having been purged from the list of electors *or for any other reason whatsoever,* in which event such person shall, in order to become registered to vote, reregister *under the terms of this Chapter."* (Emphasis supplied.)

2. ". . . The provisions of this [Municipal Election] Code shall repeal any existing provision or provisions of any municipal Act in conflict hereto." *Code Ann.* § 34A-104 (Ga. L. 1968, pp. 885, 891). The ordinance of the City of Mountain Park, Georgia, adopted in 1966, allowing nonresidents to vote in all city elections, is clearly in conflict with, hence repealed by the residency provisions of the Municipal Election Code. The provision in § 34A-104, supra, that "[t]he provisions of this Code shall not affect any . . . right accrued or vested . . . prior to the taking effect of this Code," does not mean that the nonresident electors had any vested rights to their franchised status under the city ordinance which would prevent the General Assembly from enacting a registration law having the effect of invalidating such electors' registration certificates theretofore issued. 29 CJS 58, Elections § 13, citing *Franklin v. Harper,* 205 Ga. 779 (55 SE2d 221); appeal dismissed 339 U.S. 946 (70 SC 804, 94 LE 1361). In so far as any powers and restrictions contained in the charters of our municipalities run counter to a constitutional provision or a general law, they are invalid. *Harris v. McMillan,* 186 Ga. 529, 535 (198 SE 250); *Bobo v. Mayor &c. of*

*Savannah Beach,* 216 Ga. 12 (114 SE2d 374).

3. Accordingly, in this action by appellee, individually and as mayor pro-tem of the City of Mountain Park, against the appellants, councilmen of said city, the trial court erred in its judgment granting the plaintiff's prayers for an injunction from holding a municipal election, and erred in ruling that the non-resident voters (who were otherwise qualified under the Municipal Election Code and who were purged from the list of electors by appellants) be permitted to vote in the forthcoming election.

*Judgment reversed. All the Justices concur.*
ARGUED NOVEMBER 12, 1970—DECIDED JANUARY 7, 1971.

*Hicks, Eubanks & Scroggins, John H. Hicks,* for appellants.
*A. Mims Wilkinson, Jr.,* for appellee.