34757. LUCKEN et al. v. FALLIGANT et al.

BOWLES, Justice.

Appellants, as residents and registered voters of the township of Vernonburg, a municipality in Chatham County, Georgia, filed a petition for a writ of mandamus against J. Daniel Falligant, Superintendent for Elections

for the city, Joseph D. Purvis, Intendant (Mayor) and Thomas H. Adams, Archie H. Davis, James E. Hungerpiller, and Harrell C. Murray, Jr., as Town Commissioners, making up the governing council of the municipality.

The complaint alleges that a regular election for the municipality was held on May 3, 1978, for the positions of Intendant and Commissioners. The names appearing on the ballots for the election were the named defendants, except the Election Superintendent. A majority of the voters in said election cast ballots for persons in opposition to the slate of commissioners by writing in their names and by striking the printed names on the ballots. Upon the count being completed Falligant, as Superintendent, refused to certify the write-in parties as winners, refused to recognize the results, and has refused to administer the oath of office to the write-in parties, thus preventing them from assuming the official duties of the offices to which they claim they are elected. Appellants claim that such action deprives them of their right to vote in violation of both the United States and Georgia Constitutions. They prayed for certification, and swearing in of the write-in candidates and for mandamus absolute.

The matter came on for hearing before the trial court, and the parties have stipulated the material facts which are not in dispute to the effect that the plaintiffs are residents and registered voters of the municipality; on May 3, 1978 there was a regularly scheduled election for the positions of Intendant and Commissioners; the qualified candidates for all positions were on the ballot unopposed; a majority of the voters who cast ballots struck the names of the qualified candidates on the ballot and wrote in the names of persons not on the ballot; no notice of publication of candidacy of any of the write-ins was given.

The trial judge denied the relief sought and sustained the defendants' motion to dismiss on several grounds. We affirm.

(1) Appellants admit that no notice of these proceedings was served on the State Election Board as provided in the Municipal Election Code § 34A-110 and the law in regard to all elections Code Ann. § 34-203 (a)

(d). A petition seeking mandamus requiring the defendants to administer the oath of office to persons who claim to have been elected as write-in candidates in a municipal election is such a proceeding that requires notice to the State Election Board. The omission of the required notice constitutes a fatal defect. Compare *O'Keefe v. Braddock,* 237 Ga. 838 (229 SE2d 758) (1976). The trial court did not err in dismissing plaintiffs' complaint for this reason.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED APRIL 6, 1979 — DECIDED
JUNE 20, 1979.

*Robert Paul Phillips, III, Clark Smith,* for appellants.

*James B. Blackburn,* for appellees.

HILL, Justice, concurring specially.

I would affirm the judgment for an additional reason.

Complainants sought mandamus to compel the superintendent of elections to certify the write-in vote and the result of the election, and to compel the township officials to accept that certification and administer the oath of office to the winners.

The duly qualified candidates for municipal office were each unopposed on the ballots. There was no notice of candidacy, by or on behalf of the write-in candidates, to the intendant (mayor) or by publication.

Article II, Sec. III, Par. III of the Constitution (Code Ann. § 2-603) provides in pertinent part as follows: "No person elected on a write-in vote shall be eligible to hold office unless notice of his intention of candidacy was given twenty or more days prior to the election by the person to be a write-in candidate, or by some other person or group of persons qualified to vote in the subject election, as follows: . . . in a municipal general election, to the mayor or similar officer thereof and by publication in the official gazette of the municipality holding the election. The General Assembly may enact other reasonable

regulations and require compliance therewith as a condition of eligibility to hold office in this State."[1] Because the write-in candidates are not eligible to hold the offices in question, the complainants were not entitled to mandamus to have the write-in candidates sworn into office.

Code § 34A-1004 (g) of the Municipal Election Code provides as follows: "Any other provision of law to the contrary notwithstanding, in the event there is no opposed candidate, then no name shall appear on the general election ballot unless a write-in candidate has qualified as provided by law. Further, if there are no opposed candidates, no eligible write-in candidates and no issues to be submitted to the electorate, no election shall be conducted. Each such unopposed candidate shall be deemed to have voted for himself. The superintendent shall certify such unopposed candidate as elected in the same manner as he certifies other candidates as elected pursuant to section 34A-1404." There being no eligible write-in candidates, the duly qualified candidates (unopposed) were entitled to be certified by the election superintendent. Hence, the complainants were not entitled to the relief sought by mandamus.

I would affirm the judgment for this addition-

---

[1]This constitutional amendment was adopted at the November 1966 general election. See Ga. L. 1967, p. 1128. It was not referred to in *Thompson v. Willson,* 223 Ga. 370 (155 SE2d 401) (1967). The authority granted to the General Assembly in 1966 to enact supplementary laws would not have saved the 1920 law in issue in *Thompson v. Willson,* requiring all candidates (including write-in candidates) to proceed by nominating petition. Ga. L. 1920, pp. 757, 763—764. In any event, the 1966 amendment was not cited by the court in *Thompson v. Willson,* supra, and the statement by that court that the voter has an unshackled right to write-in, 223 Ga. 373 (although perhaps true insofar as the right to voter's *power* is concerned), clearly was affected by the 1966 amendment at least as to the write-in candidate's ability to hold office.