72935. FARLEY v. STATE OF GEORGIA.
(350 SE2d 263)

POPE, Judge.
The State of Georgia brought this libel for condemnation on January 7, 1986 to condemn certain listed personal property pursuant to OCGA § 16-13-49. Also named as a party defendant was appellant William Samuel Farley, the alleged owner of the property. Appellant was served on January 15 and filed an answer on February 7. Thereafter the State moved to dismiss appellant's answer and for disposition of the property. Following a hearing on the matter the trial court found appellant's answer to be untimely and entered a "default" judgment condemning the property for the use of the county. Appellant brings this appeal from the judgment so entered.

1. Appellant's first two enumerations challenge the trial court's finding that his "answer" in this action was untimely. The trial court found that no claimant had appeared to defend the action within 30 days from the date of filing as prescribed by statute, OCGA § 16-13-49 (e), appellant's "answer" having been filed 31 days after the date of filing of this action. Indeed, OCGA § 16-13-49 (e) provides: "At the expiration of 30 days after . . . filing, if no claimant has appeared to defend the action, the court shall order the disposition of the seized merchandise as provided for in this Code section." See *State of Ga. v. Britt Caribe, Ltd.*, 154 Ga. App. 476 (268 SE2d 702) (1980). The process served upon appellant in this case contained an order executed by the trial court which directed the owner of the subject property and any other claimant(s) to file any answer they may have "no later than thirty (30) days from the date of the filing" of this action. Nevertheless, appellant relies upon the summons issued by the clerk of the trial court and also attached to the process in this case directing appellant to answer the complaint "within 30 days after service of this summons upon you, exclusive of the day of service." As appellant correctly points out, his "answer" was timely filed in accordance with the clerk's summons, albeit not timely filed pursuant to the above-cited order and OCGA § 16-13-49 (e). Appellant contends that he was entitled to rely on the summons issued by the clerk. We disagree.

A situation comparable to that in the case at bar arose in *Thompson v. Willson*, 223 Ga. 370 (1) (155 SE2d 401) (1967). In *Thompson*, the plaintiff filed a mandamus action and prayed for the issuance of a rule nisi, "and the judge issued same directing the defendants to appear on the 20th day of January 1967, at 2:30 p.m., and show cause why mandamus absolute should not be issued. This rule was attached to the petition and served upon the defendants. This is all the process that the law requires in mandamus cases. [Cit.] But there was also attached a process by the clerk directing defendants to appear within 30 days from service thereof. The motion to quash was on the ground that the clerk's process was not in conformity with the prayers therefor which was that the defendants appear at the time designated by the court." Id. at 371-72. In denying the motion to quash the court held: "The process attached by the clerk was surplusage as the rule nisi is the proper process in a mandamus case such as this under [the statute], the same being a special statutory proceeding." Id. at 372.

The case at bar, like the mandamus action in *Thompson*, is a special statutory proceeding. *Lang v. State*, 168 Ga. App. 693 (4) (310 SE2d 276) (1983). "Moreover, a condemnation forfeiture is an *in rem* proceeding rather than an *in personam* action, and it is jurisdiction over the property rather than its owner that is essential. OCGA § 16-13-49 (b) . . . The statute requires only that a copy of the action 'be

served on the owner . . . , if known.' OCGA § 16-13-49 (e) . . ." Id. at 694-95. "The disposition of unclaimed property under [the statute after] thirty days is not a default judgment, inasmuch as the property is unclaimed and the judgment, if it is one, is against the property and there is no party in default." *State of Ga. v. Britt Caribe, Ltd.*, supra at 477-78. It thus appears that the summons attached by the clerk in this case, like the process attached by the clerk in *Thompson*, was surplusage, as the statute does not require process upon the alleged owner, merely notice to him of the proposed condemnation. Compare *Progressive Fin. Co. v. Longleaf Lumber Co.*, 108 Ga. App. 555 (134 SE2d 63) (1963). See also *Tant v. State*, 247 Ga. 264 (1) (275 SE2d 312) (1981). These enumerations of error provide no ground for reversal.

2. Appellant's final enumeration cites as error the trial court's entry of judgment "where, as here, the contraband items were in appellant's vehicle without his knowledge or his consent." As noted in Division 1, supra, appellant failed to timely file an "answer" in this case. The merits of his claim to the property were not addressed by the court below and thus will not be addressed for the first time on appeal.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 10, 1986 —
REHEARING DENIED OCTOBER 29, 1986 

*F. Robert Raley, W. Franklin Freeman, Jr.*, for appellant.
*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.