A93A1181. STALVEY et al. v. STATE OF GEORGIA.
(436 SE2d 579)

BEASLEY, Presiding Judge.

Pursuant to a lawful traffic stop and search of the Chevrolet truck appellant Larry Stalvey was driving, a quantity of marijuana was found and he was arrested and charged with violating the Georgia Controlled Substances Act. Appellant Christine Stalvey, Larry's mother, is the title owner of the vehicle. It was seized on March 27, 1991, by the Walton County Sheriff, along with certain personal property belonging to Larry Stalvey found in close proximity to the vehicle. The State initiated a condemnation action under OCGA § 16-13-49, resulting in forfeiture of the seized property. The Stalveys appeal.

The State filed its action for condemnation on March 29, 1991. The 1988 version of OCGA § 16-13-49 (e), in effect at the time of filing, provided: "At the expiration of 30 days after such filing, if no

claimant has appeared to defend the action, the court shall order the disposition of the seized merchandise as provided for in this Code section." Larry and Christine Stalvey were personally served with the complaint on April 5 and April 12, respectively. Larry had 24 days (to Monday, April 29) from the date of service and Christine had 17 days. Both filed answers on May 2, thirty-four days after the complaint had been filed.

On March 25, 1992, the State filed a motion for judgment of forfeiture and disposition of the property on the basis that the answers were filed more than 30 days after the complaint. An order of disposition vesting title of the property in the State was entered on the same day. The Stalveys responded with an amended motion to set aside the order of disposition, asserting a nonamendable defect on the face of the record pursuant to OCGA § 9-11-60 (d) (3), and accident or mistake under OCGA § 9-11-60 (d) (2). Following a hearing, the motion to set aside was denied, but the original order of disposition was vacated and re-entered so as to allow a timely notice of appeal.

1. Appellants contend the trial court erred in entering the order of disposition without affording them reasonable notice and a hearing at which to present their claims. This claim was arguably asserted in appellants' motion to set aside the order of disposition and will thus be considered.

The plain language of the statute in effect at the time of filing this action required only that a copy of the summons and complaint be served upon the known owner of the property. If 30 days expires from the filing of the complaint and no claimant has appeared to defend the action, the court is directed to order disposition of the seized merchandise. Appellants argue that the statute contemplates reasonable notice and an opportunity to be heard. We agree that notice is required by the statutory scheme and due process. But the notice requirements were satisfied by personal service of process upon both appellants.

*Tant v. State*, 247 Ga. 264 (275 SE2d 312) (1981), cited by appellants, interpreted an earlier version of OCGA § 16-13-49 (former Code Ann. § 79A-828), but which contained an identical provision relating to the 30-day answer requirement. The Court concluded that "[t]he post-seizure process provided by [the counterpart to OCGA § 16-13-49 (e)] gives the owner 30 days . . . within which to interpose his claim opposing forfeiture to the state." Id. at 266. The conclusion was reached that " 'this statute affords adequate notice and an adequate hearing so as to comport with due process of law as required by the Federal Constitution and the Georgia Constitution.' " Id. See also *Farley v. State of Ga.*, 180 Ga. App. 694 (1) (350 SE2d 263) (1986), and *State of Ga. v. Britt Caribe, Ltd.*, 154 Ga. App. 476 (268 SE2d

702) (1980).[1] As in *Tant*, appellants herein had adequate notice and the opportunity to be heard. By failing to timely interpose their claims opposing forfeiture, they lost the opportunity to be heard concerning the disposition of the property.

2. Alternatively, appellants argue that a 1991 amendment to OCGA § 16-13-49, Ga. L. 1991, p. 886, § 1, effective July 1, 1991, several months after the present condemnation and defensive claims were filed, should be applied retrospectively to this case so as to allow an answer within 30 days after *service* of the summons and complaint. See OCGA § 16-13-49 (o) (3).[2]

We find nothing in the record before this court to indicate that this argument was either asserted or passed on in the trial court. We are unable to discern that this ground was raised at the hearing on appellants' motion to set aside the original order of disposition, because no transcript has been requested or included in the record on appeal. " 'When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter.' [Cit.]" *City of Atlanta v. Atlantic Realty*, 205 Ga. App. 1, 4 (3) (421 SE2d 113) (1992). Only grounds which were properly raised before the trial court may be considered on appeal. *Long v. Marion*, 257 Ga. 431, 432 (1) (360 SE2d 255) (1987). This ground is not properly before the court.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED OCTOBER 14, 1993.

*E. Jerrell Ramsey*, for appellants.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney*, for appellee.

---

[1] As in *Farley*, the clerk's summons required an answer within 30 days of *service*, whereas the court order required the filing of defenses within 30 days of the *filing of the petition*.

[2] OCGA § 16-13-49 was again amended, effective July 1, 1993; subsection (o) relating to in rem proceedings remains identical to the 1991 version.