A98A2381. RAGLAND v. STATE OF GEORGIA.
(510 SE2d 587)

BEASLEY, Judge.

On March 16, 1998, the State of Georgia instituted a proceeding under OCGA § 16-12-32 to condemn $1,260 in U. S. currency found in the possession of appellant Ragland, based on allegations that this money was used to facilitate or was derived from illegal gambling.

Because Ragland could not be found within the jurisdiction of the court, he was served by publication pursuant to OCGA § 16-12-32 (e), which requires notice of the proceedings to be published once a week for two consecutive weeks. The notice was published on April 17 and 24. Although OCGA § 16-12-32 (f) directs the court to enter a judgment by default if no defense is filed within 30 days after "the last publication," the notice erroneously stated that the property would be condemned if an answer was not filed within 30 days of the

---

first publication.

The record is silent as to when Ragland learned of this condemnation action, but he did not file an answer denying that the property is subject to forfeiture until June 3. He also moved to dismiss the action on the ground of insufficiency of service of process because of the error in the notice concerning when an answer was due. The court, finding no prejudice to Ragland, as his answer was untimely whether measured from the date of either the first or second publication, denied the motion to dismiss, granted the State's motion to strike the answer as untimely, and entered judgment in favor of the State. Ragland insists on appeal that he is entitled to dismissal of the complaint. Georgia case law mandates otherwise.

In the context of a garnishment proceeding, *Gowen v. Bell*[1] held that a summons is not defective though it misleads in directing the garnishee to answer actually beyond the legal time period, as the garnishee is bound to take notice of the applicable law.

In *Farley v. State of Ga.*,[2] a court order included in the process served on the claimant in a condemnation action under OCGA § 16-13-49 directed that an answer be filed no later than 30 days from the filing of the action, as required by OCGA § 16-13-49 (e). But the claimant was also served with a clerk's summons requiring an answer within 30 days of service of the summons. The answer complied with the summons but not with the order and statute. It was deemed untimely because OCGA § 16-13-49 (b) requires only that a copy of the action be served on a known owner, so the clerk's summons was surplusage. In *Stalvey v. State of Ga.*,[3] as in *Farley*, the claimants' answers accorded with the clerk's summons but were untimely under the court's order and OCGA § 16-13-49 (e). Citing *Farley* and other cases, this Court rejected claimants' contention that they were not afforded reasonable notice.

At issue in *Serchion v. State of Ga.*[4] was OCGA § 16-13-49 (n) (1) and (2), which provide that notice of seizure shall inform the property owner he has 30 days to file a claim, and OCGA § 16-13-49 (n) (3) and (6), which clarify that the claim is timely if filed within 30 days after the second publication of the forfeiture notice. The trial court implicitly ruled that the claim, filed within 30 days from the second publication, was timely. This Court held that the owner thus failed to show how he was harmed by the State's recitation in its forfeiture notice of the applicable Code section without also expressly informing the owner of the 30-day period for the claims submission.

[1] 113 Ga. App. 324 (148 SE2d 52) (1966).
[2] 180 Ga. App. 694, 695 (1) (350 SE2d 263) (1986).
[3] 210 Ga. App. 544, 545 (1) (436 SE2d 579) (1993).
[4] 230 Ga. App. 336 (1) (496 SE2d 333) (1998).

This precedent renders irrelevant Ragland's complaint that he was misled by the notice of publication, because OCGA § 16-13-32 does not require the notice to specify the time within which an answer must be filed, and the party reading the notice is chargeable with knowledge of the legal requirements. If, when Ragland became aware of the action, he was led to believe the time had expired, he did nothing to confirm that or to rectify the absence of a response. Had he done so, his answer would have been timely. So he cannot show prejudice, other than what was self-inflicted by lack of diligence. His out-of-time answer was not excused, in law, by the clerical error. Thus, despite his argument to the contrary, the notice was "[r]easonably calculated to give him actual notice of the proceedings and an opportunity to be heard."[5]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 18, 1998.

*J. Alfred Johnson, Shondra J. Pruitt*, for appellant.

*Benjamin F. Smith, Jr., District Attorney, Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

---

[5] *Milliken v. Meyer*, 311 U. S. 457, 463 (61 SC 339, 85 LE 278) (1940).