## A04A0951. WALTERS v. STATE OF GEORGIA.
### (605 SE2d 458)

MILLER, Judge.

Eugene Walters appeals pro se from an order condemning cash seized in connection with his arrest for possession of methamphetamine. We find no error and affirm.

The record shows that in February 1999, a deputy of the Cobb County Sheriff's Department seized $3,779 in cash belonging to Walters and found near the methamphetamine for which he was arrested. On March 4, the State filed a complaint for condemnation under OCGA § 16-13-49 (o). Walters was personally served on March 10, but did not answer and did not appear at the condemnation hearing. The State moved for judgment, which the trial court granted. Four years later, Walters moved to set aside the judgment, which the trial court refused to do. Walters argues on appeal that he was denied due process in a number of ways in the course of the proceedings below.

1. Walters first argues that the State should have informed the trial court of a pending criminal matter so that the court could exercise its discretion to stay the condemnation proceeding. Since he did not appear, however, Walters made no showing on which the court could have acted. OCGA § 16-13-49 (w) (requiring showing of "good cause" for discretionary stay). Indeed, the record contains no evidence that any criminal proceeding was underway at the time the trial court ruled on the condemnation.

2. Walters next argues that he was denied due process when his attorney failed to file an answer. Walters asserts that the attorney "had drug problems at the time" and was later disbarred, but fails to provide any evidence that he retained the attorney, let alone that he was responsible for Walters' failure to answer. When a claimant fails to file an answer under OCGA § 16-13-49 (o) (3), he must suffer the consequence of forfeiting his property to the State. *Jett v. State of Ga.*, 230 Ga. App. 655, 657 (3) (498 SE2d 274) (1998); see also OCGA § 16-13-49 (o) (4).

3. Walters' other scattershot enumerations of error — that he did not receive the State's motion for judgment, that his guilty plea in the criminal proceeding was obtained by fraud, and that he was wrongly denied telephonic access to the hearing on his motion to set aside the judgment — are either irrelevant or without merit. See, e.g., *Stalvey v. State of Ga.*, 210 Ga. App. 544, 545-546 (1) (436 SE2d 579) (1993) (properly served property owner lost opportunity to be heard when answer not filed).

The trial court properly refused to set aside its judgment condemning property seized in connection with Walters' arrest for possession of methamphetamine.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 5, 2004.

Eugene Walters, Jr., *pro se.*
Patrick H. Head, District Attorney, Samuel W. Lengen, Amelia G. Pray, *Assistant District Attorneys*, for appellee.